Judge Carr
delivered the opinion of the Court.*
By the laws of Virginia, the land of public defaulters, (against whom the State has obtained judgment,) is subjected to be taken in execution, and sold by the sheriff. *484 Under this law, an execution issued from the General Court against the lands, &c. of William O. Winston, to the sheriff of Botetourt county. Lands were taken and not sold £0J, wan(. 0f time. A venditioni exponas followed; and un¿er ¡j the land was sold. Price, the public agent, made the bid; but, permitted M’Clanachan to become the purchaser; who paid the money, and received from the sheriff a deed. The sale rook place in May, 1802, and the deed of the sheriff is dated March, 1803. This same land M’Clanachan had sold in 1790, to one Meaux oí Kentucky. In 1794, Richard Littlepage, as attorney in fact for Meaux, had sold and conveyed it to William O. Wineton and Robert Page; which deed was recorded in the county of Botetourt, the place of M’ Clanctchan’sresidence-, and at the time of the sale of the land under execution, there was, it seems, a suit depending in the High Court of Chancery by Meaux, to set aside the sale and conveyance by Littlepage to Winston and Page, as fraudulent. In 1823, a decree was given in that suit, pronouncing the sale fraudulent, and decreeing the landto Meaux. Under this decree M’ Clanachan’s representatives have suffered an eviction; and,' on that ground, have petitioned the Auditor for the return of the purchase money, with interest. The petition was refused; an appeal granted by the Chancellor; the cause heard; and a decree against the Commonwealth for the purchase money and interest. We are to enquire, whether this decree be correct.
In every transaction of purchase and sale, it is the contract of the parties which fixes the terms and the responsibility, which shews what the one intended to buy, and the other to sell. Where there is no fraud, the contract is the law of the parties; and no tribunal can change, alter or modify it in any manner. To do so, would be to make contracts for men. When a man buys land,' he. has, or may and ought to have, all the deeds, the whole chain of title, before him. This title it is his duty to look into and to take such covenants and warranty in his deed, as *485 will protect him; and where there is no fraud or concealment, he can only look to the covenants and warranty, in case of eviction, and will have no claim, either at law or in equity, further than they give it to him. If he has bought with covenants against the acts of the vendor and his heirs only, and he is evicted by title paramount, he has no claim against the vendor. If he has bought without any covenant at all, he has no claim against any body. It is his folly to have made such a contract; and the law will not give him an action, who has not provided one for himself. The books teem with eases in- support of these positions.
In Roswell v. Vaughan, Cro. Jac. 196, it is said, that if a man sell another’s estate, without covenant or warranty, it is at the peril of the buyer; because the thing being in the realty, he might have looked into the title.
In Medina v. Stoughton, 1 Salk. 211; Per Lord Holt: “ Where the seller (of a personal chattel) is out of possession, there may be room to question his title, and caveat emptor, in such case, to have either an express warranty or a good title. So it is in the case of lands, whether the seller be in or out of possession; for the seller cannot have them without title, and the buyer is, at his peril, to see it.”
In Goodlittle v. Morgan, 1 Term. Rep. 762; Per Ashhurst, Justice: “No man ought to be so absurd as to make a purchase, without looking at the title deeds; and if he is, he must take the consequence of his own negligence.”
In Johnson v. Johnson, 3 Bos. & Pull. 170; Per Lord Alvanley: “ Every purchaser may protect his title by proper covenants. Where the vendor’s title is actually conveyed to the purchaser, the rule caveat emptor applies.”
Hiern v. Miller, 13 Ves. 121: The Lord Chancellor says, “ No person in his senses would take an offer of a purchase from a man, merely because he stood upon the ground. It is not even prima facie evidence. He may be tenant by sufferance, or a trespasser. A purchaser must *486 look to his title; and to neglect it, is crassa negligeniia „
In Serjeant Maynard’s Case, 2 Freem. 1, the Lord Chance]jor said that “there being no fraud or surprise in the case, if the party was not aided by his covenants, he would not be helped in equity;” and yet there, the purchase money had been paid, and a third person had made title.
In Wakeman v. The Dutchess of Rutland, 3 Ves. 234, the Lord Chancellor says, “As to the extent of the covenant, there was a case about three years ago. An estate was bought. As to one moiety, there was a clear defect of title, which the counsel for the purchaser had overlooked. He was evicted of one moiety. He filed a bill, asserting a claim in equity to be re-paid a moiety of the purchase money. He had taken his conveyance with the common covenants. The eviction was not within his covenant. I felt the hardship, but thought I could not raise an equity, where there was no covenant to warrant the title.”
Many more cases might be cited; but, perhaps, too much has already been said on a subject so long and so well settled.
Let us now look to the actual covenants in the deed before us. It is made by the sheriff. He sets out the executions under which he sold, and the whole proceeding; conveys the land to M’Clanachan, and concludes thus: and “ he the said John Smyth, sheriff as aforesaid, doth by these presents warrant and defend the title to the aforesaid tracts of land, so far as by law he is bound, in his official acts, to warrant and defend the same, to the said William M’Clanachan, his heirs and assigns.” In the Rev. Code, vol. 2, p. 52, § 12, it is said, “If the owner of the land, before or at the day of the sale, shall not make payment of the debt due to the public, the sheriff or officer shall proceed to sell the said lands and tenements, or such estate and interest as the party convict shall have therein,” he. In the 17th section of the same law, it is said, *487 “ In all sales of lands, by virtue of any execution, the sheriff or other officer shall convey the same to the purchaser or purchasers, his heirs or assigns, at his costs, by deed' in • • writing, sealed and recorded as the laws direct for other conveyances of land; which deed shall recite the execution, purchase and consideration, and shall be effectual for passing to the purchaser, his heirs or assigns, all the estate and interest which the debtor or the Commonwealth had, and might lawfully part with, in the lands.” '
Here, then, we see the extent of the sheriff’s authority, and the effect and nature of his deed. He is to sell the lands, or such estate and interest as the debtor shall have therein; and his deed shall pass to the purchaser, all the estate and interest which the debtor or the Commonwealth had, and might luivf ally part with, in the lands. Surely his warranty could extend to nothing more than he sold and conveyed, the title of the debtor. It was the business of every one who meant to buy, todnspect the title deeds, and discover what that title was. ■ It was never intended that the Commonwealth should be involved in controversies as to the title of her debtors’ lands, sold under her execution. She sold their interest merely. The price would be more or less, as that interest should appear great or small, dear or doubtful. Every one was fairly put upon the examination of title. With M’Clanachan, this must have been an easy matter. He had sold the land to Meanx. The deed from the attorney in fact of Meaux, was recorded in his own' county. The suit brought by Meaux to set aside the sale, was depending. With these facts, it was his business to be acquainted; and that he was so, there is every reason to believe, from the very small price of the land, compared with the former sales. He probably weighed the chances, and was willing to incur the risque, for the prospect of the gain- The hazard was a fair one; and if the result has disappointed his hope, he has no right to complain. He accepted the deed and paid the money, thereby executing the contract By the covenants *488 in the deed alone, can his right to redress be tested. No covenant in that deed has been broken, and he has no claim on the Commonwealth.
Decree reversed, and petition dismissed.

 Judge Co alter, absent.