## Scott *vs* Renick.

APPEAL FROM THE FAYETTE CIRCUIT.

*Warranty.   Fraud.   Caveat emptor.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE Circuit Court did not, in our opinion, err in dismissing Scott's bill seeking a rescission of his purchase of

*Margin:* SCOTT *vs* RENICK.

CHANCERY.

Case 20.

October 28.

Scott
vs
Renick.

There is no implied warranty in a fair sale of a Durham cow, that she will breed, tho' purchased for that purpose, and at a price justified by no other object—

The maxim *caveat emptor*, applies in such a case.

the imported short horned Durham cow Lucilla, from the defendant Renick.

1st. Though the price ($1000,) indicates very clearly that her presumed capacity as a breeder, was the chief and probably the only inducement to the purchase, yet, as according to the proof, she was only six years old when sold, in fine health and condition, and not only had a calf in England prior to her embarkation for this country, but had slipt another on the voyage in consequence of a severe storm, only about two months before the sale of her to Scott: the simple fact that she had not borne a calf from the date of that sale to that of filing of the bill in this case, (about two years,) though served in the mean time by two bulls of good reputation, is scarcely sufficient to prove that she was at either of those periods, and especially when sold, hopelessly barren.

2nd. There is no proof of either fraud, express warranty, or even any misrepresentation by Renick. And we cannot admit that Scott, having as he had, as much or nearly as much acquaintance as Renick had with the cow when he made the contract of purchase, the law implied any warranty that she was, or would continue to be, a good breeder merely from the fact that she was bought with that expectation and for that kind of use. In *such a sale of such an article*, it seems to us that custom, policy and law unite in applying the maxim *caveat emptor*, and that the purchaser takes the thing upon his own judgment, risking both the quality and the value of it.

Wherefore, we are of the opinion that the decree of the Circuit Court, dissolving Scott's injunction and dismissing his bill, should be and therefore it is affirmed.

*Menifee* for appellant: *Robinson & Johnson* for appellee.