Daniel, J.
The main allegation, in the bill, on which the appellee sought to found an equity against Smith and his assignee Price, is explicitly denied by Smith in his answer; and Woodward, the only witness examined in reference to the contract between the appellee and Smith, is silent as to any assurances or representations made by Smith in reference to the shape of the lot. It is true the witness says that he sold the lot to Smith and by his direction conveyed it to the appellee; and that in the sale and conveyance it was his design to sell and convey the lot as being nearly in a square form, and as bounded by Wilson street, according to its new course as directed by the corporate authorities of Danville; but he does not state that Smith made any representation to the appellee with respect to the form of the lot, the course of Wilson street, or the action of the common *578 council of Danville, past or prospective, in regard to the alteration of said street.
There is thus an entire absence of all proof of fraud or misrepresentation on-the part of Smith; and the case made as to the bargaining and contracting between the parties seems to be nothing more than this: that Smith having agreed verbally with Woodward his debtor to take from him a lot in discharge of his debt, agreed with the appellée to sell it to him, with an understanding between the parties that Ayres should become bound to Smith for the purchase money, that Smith should become paymaster to Woodward, and that the latter, who held the title to the lot, should make the deed for it to Ayres.
In a sale of real estate no warranty of title is implied ; and in the absence of fraud or concealment by the vendor, he cannot be visited with losses arising from defects of title, except so far as he has bound himself by covenant or warranty to protect his vendee against them. Commonwealth v. McClanachan's ex'ors, 4 Rand. 482.
• Smith made no warranty, entered into no covenant. He has failed in no engagement with Ayres. He bound himself to nothing more than that ¡Woodward should convey the lot to Ayres. That has been done. Woodward has made a deed with general warranty to Ayres, and he has accepted it.'
If therefore the appellee had succeeded in establishing a clear defect of title in a portion of the lot, he would have shown no equity to enjoin the collection of the purchase money he agreed to pay Smith; but his recourse would have been against Woodward upon his warranty: Holman v. Maupin, 3 Monr. R. 380; Koger v. Kane, 5 Leigh 606.
The language employed by Tucker, judge, in delivering the opinion of the court in the case last cited, (with a mere change of the names of the parties,) *579 describes forcibly the position of the parties here. As to Smith, the appellee has no claim against him for any defect of title, as we have shown: And as to Woodward, he could have no claim till eviction, in as much as Woodward is asserting no demand, taking no steps which could be enjoined.
In the view I have taken of the case, there is nothing upon which the jurisdiction of a court of equity can be founded. The remedy of Ayres, if any, is at law by suit on Woodward’s warranty. Whether he could probably make a case at law, is a matter about which we do not deem it necessary to express an opinion. We think he has failed to make any case calling for the interference of a court of equity, and that the chancellor, instead of perpetuating the injunction, ought to have dissolved it, and dismissed the bill, with costs, without prejudice to any suit at law that the appellee might be advised to institute against Woodward on his warranty.
The other judges concurred in the opinion of Daniel, J.
Decree reversed.