JOHN MORROW'S adm'r *vs.* MINTER J. BAILEY.

July Term, 1867.

1. B. sues M. on a bond for one hundred dollars. B. pleads a warranty of soundness in the property for the price of which the bond was executed, and that the same was unsound; also a failure of consideration by reason of the unsoundness; to which B. replies genarally. On the trial, after the bond was introduced by the plaintiff, the defendant introduced a certain paper writing purporting to be a receipt signed by the plaintiff for certain moneys and bonds, (of which latter the bond sued on was a part), paid by the defendant to the plaintiff on the sale of certain slaves, at the conclusion of which was the following: "One woman named Eliza and her two children Weeden and Howard, all of which I warrant sound and the title genuine," and proved the same to be genuiue; and thereupon the plaintiff proved by the same witness who proved the execution of the paper writing by plaintiff, that he had refused to sign the same until he was assured by the defendant that the foregoing clause could not be construed into a warranty of soundness; which latter proof was objected to by the attorney for the defendant, but the same was permitted to go to the jury: HELD:

> That inasmuch as the plea of warranty of soundness was general, without saying whether written or unwritten, that when on the trial of the issue only, the paper warranty is produced to prove the warranty pleaded, that it is proper to meet it or avoid it by showing that it was fraudulently procured. That until it was produced and relied on at the trial, the opposite party could not know that such use would be made of it, the plea not purporting to be on such paper. And hence there was no error in permitting the testimony of the witness to go to the jury, along with the paper writing, to show the character of the transaction—whether fair or fraudulent.

*Minter J. Bailey*, for the use of *Joseph B. Bailey*, brought an action of debt in the circuit court of *Lewis* county, on

---

* See page 187. Judge MAXWELL was engaged in the cause below. Judge ERVINE of the V Circuit was called to the bench.

the 17th day of March, 1859, against *John Morrow*. The declaration was in the usual form, alleging that defendant made his single bill in writing, sealed with his seal, on the 8th day of September, 1851, promising to pay the plaintiff one hundred dollars twelve months after date. The defendant pleaded payment. and also two special pleas, one charging that the bond sued on was executed partly in consideration of the contract price of certain negro slaves, named *Eliza*, and her two children *Weeden* and *Howard*, sold by plaintiff to defendant; that defendant agreed to give seven hundred dollars for the slaves, and had paid him six hundred dollars on the contract, and that the bond sued on was the residue due on the contract; that the plaintiff had warranted the slaves to be sound, but intending to defraud and deceive the defendant, knew that they were not sound at the time they were sold and warranted, and that the slave *Eliza* was not sound, but was afflicted with divers diseases, whereby her value was greatly impaired and the defendant was damaged to the amount of one hundred and twenty dollars. The other plea set forth the facts substantially as above, but alleged a failure of consideration in said bond in consequence of the diseased condition of the slave *Eliza*. Both pleas were sworn to.

At the October Term, 1860, the cause was tried and a verdict rendered for the plaintiff for the amount of the bond and interest, subject to a small credit paid in November, 1857.

On the trial after the bond was offered in evidence by the plaintiff, the defendant offered to introduce in evidence a paper writing in the following words and figures:

"Received of *John Morrow*, five hundred dollars, and two "bonds for one hundred dollars each, payable in twelve and "twenty-four months after date, for three negro slaves, to wit: "One woman named *Eliza* and her two boys, *Weeden* and " *Howard*, all of which I warrant sound and the title genuine.
"Given under my hand, this 8th day of September, 1851.
                              "MINTER J. BAILEY."

And introduced *M. C. Hall*, who proved the signature of

plaintiff to the paper, and that he saw him sign it. Upon the cross-examination by the plaintiff, the witness proved that the plaintiff refused to sign the paper, believing that it would be construed as a warranty of the soundness of the slave *Eliza*, and that plaintiff had refused to sign it until the defendant and the witness represented and assured the plaintiff that it could not be so construed, and would not have the effect of a warranty of soundness, and that upon said assurances he had signed it. The attorney for the defendant objected to the proof elicited upon the cross-examination upon the ground that it was not admissible, or if so, it should not have been then introduced, as it did not bear upon the admissibility of the paper as evidence to the jury, and that the testimony could be again introduced.

The court permitted the paper to be introduced and read to the jury, to be accompanied afterwards, when the defendant was through, with the testimony of the witness as to the representations made by the defendant to induce the plaintiff to execute the paper, if the plaintiff desired so to do. The defendant then introduced evidence tending to prove that the slave *Eliza* was unsound at the time of the sale, and the same impaired her value more than one hundred dollars. The plaintiff then introduced the witness *Hall*, who proved the refusal to sign the paper, as before stated, until the defendant assured and represented that the warranty thereon was as to title and not soundness of the slave *Eliza*, and that plaintiff signed the paper because of such representations and assurances. To the admissibility of this proof the defendant objected, but the court overruled the objection and permitted the testimony to go to the jury, and the defendant excepted.

The defendant obtained a writ of supersedeas from the district court of the ninth district of *Virginia*, and the cause was transferred to this court by operation of law.

*G. H. Lee* appeared for the plaintiff in error, but no argument was had in this court.

BROWN, President.

This was an action of debt brought by the defendant in error against the plaintiff in error, in the circuit court of Lewis county, upon a note given for the balance of the purchase money of certain slaves. The defendant in the court below pleaded specially under the statute, that the vendor of the slaves warranted them to be sound, and that one of them, Eliza, was not sound but diseased, by reason of which he had sustained damage to an amount exceeding the amount of the note sued on, which damage he asked to be ascertained and set off against the plaintiff's demand. The pleas being sworn to, the plaintiff replied generally, and upon the trial of the issues the defendant offered in evidence a receipt bearing even date with the note sued on by the plaintiff Bailey, for the portion of the price of said slaves paid down, also for the note sued on, as given for the balance of the price of said slaves, and containing also a warranty of the soundness of the slaves. The defendant having proved the execution of the said receipt by a witness, Hall, it was read to the jury; and thereupon the same witness was called and examined for the plaintiff, and further proved, that the plaintiff refused to sign said paper until the defendant's intestate, Morrow, assured and represented to him that the same was *not* a warranty of the soundness of the said slave Eliza, but only warranted the soundness of the *title* to the said slave, and that he signed said writing because of such representation and assurance made by the said Morrow and said witness to him, the plaintiff. To the admissibility of this evidence the defendant, by his counsel, objected, but the objection was overruled and the evidence admitted by the court; whereupon the defendant excepted. The case was submitted without argument in this court, and the only error assigned in the petition is the admission of the said evidence of the witness Hall.

Moncure, J., in delivering the opinion of the court in the case of *Harrison* vs. *Middleton*, 11 Gratt., 527, said: "If the paper was corretly read to the defendant at the time of its

execution, his misunderstanding of it could not affect its validity. And so far as the evidence offered tends to show a mere misunderstanding of the paper, it is wholly immaterial and irrelevant to the issue. But if it tends in any degree, however slightly, to show that the paper was materially misread to the defendant at the time of its execution, and that he was thus induced to execute it, the evidence is admissible." And this is certainly the settled law of this State.

In the present case it cannot be said that the paper was misread to the party executing it, but he was induced to sign it against his own understanding and convictions of its plain meaning; in reliance upon the representation and assurance of the defendant's intestate, the said Morrow, and the witness Hall, that it contained no such warranty of the soundness of the slave.

This would seem to be a gross and deliberate fraud in the procurement of the signature of the party to the paper. And what is marvelous in the case is, that a man who understood, as the plaintiff seems to have done, (and so refused at first to sign it on that account), a paper whose language was as plain as could be written or spoken, yet accepted the other party's assurance that when the paper said "Eliza and her two boys I warrant sound," it meant that he did not warrant them sound. Nor is the marvel less that the witness, who proves the fraud, should himself have joined in the misrepresentation and false assurance. Had this been an action upon the warranty, it would seem clear that the fraud might be pleaded under the statute. Code 1860, chapter 172, sec. 5. And it is equally clear, that under the 9th section of that chapter the plaintiff might make the same defence by way of replication to a plea filed under that act.

In this case, however, there was no special replication setting forth the fact that the warranty mentioned in the pleas, was procured by fraud, but a general replication only to the pleas, and that not sworn to, as the statute in that case provides. But it must be borne in mind that the plea of breach of warranty, is not founded on, nor does it describe

the written warranty, by date or otherwise, but avers a warranty of soundness generally, without saying whether written or unwritten. And upon the trial of the issue only, the paper warranty is produced to prove the warranty pleaded, and the question here is, whether it can be met in this collateral way, or avoided by showing that it was fraudulently procured. No sufficient reason is perceived why it may not be done. Until the paper was produced and relied on at the trial, the opposite party could not know that such use would be made of it, as the plea did not purport to be on such paper.

I think, therefore, that there was no error in the ruling of the circuit court in permitting the evidence of the witness, Hall, to go to the jury along with the said paper, as evidence tending to prove the character of the transaction, whether fair or fraudulent.

The judgment, therefore, should be affirmed, with costs and damages to the defendant in error.

Judge Ervine concurred.

JUDGMENT AFFIRMED.