# WHEELING.

## JOHNSTON'S ADMR. v. MENDENHALL.

### July 17, 1876.

1876.
June Term.

J. entered into a written contract with M., under their respective hands and seals, which witnesseth, "that the party of the first part, for and in consideration of the sum of one dollar in hand paid, by the party of the second part, and the further consideration hereinafter mentioned, agrees to sell all his right, title and interest, to the party of the second part, of, in and to, a certain oil lease on the tract of land owned by one S. H. Klinck, situated in Ritchie County, State of West Virginia, which said lease is bounded by the Parkersburg Railroad, on the one side, by Goose Creek and a line drawn from said Creek to said Railroad, on which there is an oil well, a steam engine tubing, etc., including all the tools and other property on said lease owned by said party of the first part; for and in consideration of which, said party of the second part, agrees and binds himself to pay the sum of one thousand dollars; and also the party of the first part agrees to sell to the party of the second part all his interest of, in and to, a certain lease obtained from J. Ashworth, on one hundred acres of land for oil purposes—the *one-eighth* of the oil to go to the proprietor, and to continue about seventeen years from this date more or less. In consideration of which, said party of the second part, agrees and binds himself to pay, on or before the tenth day of next month (June) the sum of one thousand five hundred dollars, lawful money "—
HELD:

1. That the vendee having entered into the written agreement under seal, without covenants of warranty, it was clearly the intention and understanding of the parties that there should be no warranty.

2. That, under the circumstances of this case, the vendee having purchased only the *right, title and interest* of the vendor, whatever it might be, the vendor is not responsible for any defects of title unless he has been guilty of some fraud or concealment.

Appeal from, and *supersedeas* to, a decree of the circuit court of Wirt county, rendered on October 17, 1874, in a certain suit in chancery then pending in said court wherein J. C. Hall, sheriff of said county, and, as such, administrator of the estate of William H. Johnston, deceased, was complainant, and Harrison Mendenhall and George Rice, respondents. The appeal reached this Court on the petition of said Mendenhall.

The opinion of the court contains a full statement of the case.

The Hon. James M. Jackson, judge of said court, presided at the hearing below.

*B. B. Chamberlin*, of Ohio, and *Walter S. Sands*, and *David H. Leonard* for the appellant.

*John A. Hutchinson* for the appellee.

MOORE, JUDGE:

On the fifth day of May, 1864, Johnston, as party of the first part, and Mendenhall, as party of the second part, entered into an Article of Agreement, under their respective hands and seals, which witnesseth: "that the party of the first part, for and in consideration of the sum of one dollar in hand paid, by the party of the second part, and the further consideration hereinafter mentioned, agrees *to sell all his right, title and interest*, to the party of the second part, of, in and to, a certain oil lease on the tract of land owned by one S. H. Klinck, situated in Ritchie county, State of West Virginia, which said lease is bounded by the Parkersburg Railroad on the one side, by Goose Creek and a line drawn from said Creek to said Railroad, on which there is an oil well, a steam engine, tubing, etc., including all the tools and other property on said lease, owned by said party of the first part; for, and in consideration of which, said party of the second part, agrees and binds himself to pay the sum of one thousand dollars; and also the party of the first part agrees to sell to the party of the second part, *all his inter-*

est of, in and to, a certain lease obtained from J. Ashworth on one hundred acres of land, for oil purposes— the one-*eighth* of the oil to go to the proprietor, and to continue about 17 years from this date, more or less. In consideration of which, said party ot the second part, agrees and binds himself to pay, on or before the tenth day of next month, (June) the sum of one thousand and five hundred dollars lawful money."

This agreement forms the basis of the suit, in the nature of a foreign attachment suit in chancery, in the Circuit Court of Wirt county, instituted by Johnson against Mendenhall.

The original bill, after alleging plaintiff's ownership of the two leases, &c., and the entering into said written agreement, and making an exhibit of the same as a part of the bill, and plaintiff's readiness and willingness to execute the same on his part, and to execute, acknowledge and deliver to Mendenhall such further conveyances or assurances of the said leases, as by the contract he was bound to do, on payment of the said sums agreed by the said Mendenhall to be paid to the plaintiff, and Mendenhall's neglect and failure to pay the same under the contract, and that the whole amount remains due, unpaid and in arrears; alleges, that Mendenhall is a non-resident of the State of West Virginia, but owns real estate in the county of Wirt, &c., prays that Mendenhall be made defendant; that plaintiff may have a decree for the payment of his debt, and that the said property of Mendenhall be attached and sold to satisfy the same, and the usual prayer for general relief.

Mendenhall demurred to the bill, as showing no case for equitable relief; and further, that by ancient rule of the court, no person shall exhibit a bill "for specific performance of a contract for the sale of a tract of land, or term of years therein, against his or their vendee, unless they show good title, and exhibit the same, in his, or

their, bill," and that no suit can be maintained on a contract barred by the statute of limitations.

The court sustained the demurrer, and gave leave to amend the bill. At the July rules, 1871, the amended bill was filed, which alleges the filing of the original bill, and refers to and makes said bill part of the amended bill, for all purposes not inconsistent therewith; it further alleges and charges, that defendant, at the time of the purchases was fully acquainted with everything relating to the title which the plaintiff had and held to said several leases, interests and property, and that, according to the very terms of the agreement, he only purchased *all the right, title and interest* of the said plaintiff in said property; that Mendenhall had examined, and knew full well, at the time of his purchase, that the said plaintiff's interest in said Ritchie county lease of lands was evidenced by an agreement in the form of a letter from Seth H. Klinck, containing the terms upon which a lease in form would be granted; which terms had been complied with by the said plaintiff, and he was put in, and was in, possession of said property in Ritchie county, oil well, steam engine, etc., at the time he sold the same to Mendenhall; that plaintiff had, prior to said sale, paid for his *right, title and interest* in said property, $1,-200 cash, and that when Mendenhall entered into said agreement of sale, the plaintiff simply transferred to him *his equitable right, title and interest* in the said leasehold property, and the plaintiff's *legal* right to said steam engine, etc.; that plaintiff, upon the signing of the contract by Mendenhall, gave him the letter from Klinck, which Mendenhall accepted, and, doubtless, still has the same in his possession, having received the same, knowing it to be the evidence of the plaintiff's interest, right and title to said Klinck lease and oil well; that Mendenhall, after making said agreement, organized an oil company, to which he transferred the Ritchie county oil well and steam engine, etc., for a valuable consideration; and that Klinck, according to the terms of said let-

ter, and for other considerations, made said Mendenhall, or his assignees, a lease formally drawn for a larger scope of land, including the lot and well sold by plaintiff to said Mendenhall, and that Mendenhall, knowing the state of the said plaintiff's title and interest in said Klinck land and oil well, and being perfectly satisfied therewith, was content, without any fraud or false representation of the plaintiffs, to enter into said contract, and to take said equitable leasehold interest on the Klinck land without requiring the plaintiff to warrant, or in any other manner to assume the title, right, or interest which the plaintiff had therein; and that Mendenhall having received and sold said property, steam engine, etc., and got his money therefor, it is too late for him to allege anything against the right, title and interest, which, without warranty, he obtained from the plaintiff; that as to the Ashworth lease of land, Mendenhall was fully acquainted with it, its nature, terms, and the title of the lessor to the land in fee, and received the same from the plaintiff, by assignment of all the interest which the plaintiff had therein; and that Mendenhall, afterwards, sold or assigned it to the oil company, and that Mendenhall, or the company, realized the value thereof, etc.

Mendenhall demurred, plead and answered to the bill.

The demurrer was overruled.

In the answer, he admits having executed the article of agreement, but denied that it was under his seal; and admits that it was made for the purpose alleged in plaintiff's bill; and admits that he took said leases, but sets up new matter as to the purposes and terms for which he took them, but which he does not sustain by proof. He also admits he received the steam engine, though he says "that the possession of said engine was not obtained from said complainant, but from and through said

Klinck." His denial as to the Klinck letter is evasive, and not responsive to plaintiff's allegation; but as that allegation was not material to plaintiff's right to recover, the answer is immaterial on that point. He also denies that he sold the leases to any company, "or ever entered into possession of said leasehold estates, or either of them, under said agreement, or ever received any money, or other consideration for said leasehold estates, or either of them, for the reason that the plaintiff had no title thereto at the time of making the agreement;" and "denies all and every statement made in said amended and original bills" not specially admitted in his answer.

The plaintiff having departed this life, the suit was revived in the name of J. C. Hale, sheriff of Wirt county, and as such, administrator of the estate of Johnston.

The case, as presented by the record, is not regular, but awkward all through, nevertheless, sufficient appears to develop the only point in the suit, and that is the interpretation of the written contract, to ascertain what the plaintiff sold, what the defendant intended to buy, and whether the sale was with, or without, an implied warranty?

The article of agreement made and signed by both parties, under seal, shows that all the plaintiff intended to do was to sell to, and let the defendant have, all the plaintiff's *right, title and interest*, in and to the oil lease on the tract of land owned by S. H. Klinck, situated in Ritchie County, State of West Virginia, bounded as designated in the agreement, on which there is an oil well, a steam engine, tubing, etc., including all the tools and other property on said lease, owned by the plaintiff, in consideration of which, the defendant agreed to pay the plaintiff $1,000; and the plaintiff further

agreed to sell the defendant all his *interest* of, in and to, a certain lease obtained from J. Ashworth, on one hundred acres of land for oil purposes—the *one-eighth* of the oil to go to the proprietor, and to continue about seventeen years, from May 5, 1864, in consideration of which the defendant agreed and bound himself to pay, on or before the tenth day of June, 1864, $1,500.

The view advanced by appellee accords with my own ; that the subject matter being chattels, and not capable of being readily transferred by manual exertion, the interest sold and assigned, was actually delivered and passed to the vendee or assignee by the agreement, which was the bill of sale and deed; and that especially in this case, as no time was fixed in the writing when the purchaser was to take the right, title and interest sold him, it must be deemed an immediate transfer thereof, without warranty, as the plaintiff did not agree to make any other deed or assurance, and, in fact, that the written contract is a sufficient deed to convey all the interest sold.

The purchaser admits he was in actual possession of the property; he does not show a paramount title, or even defect in the accepted title; nor does he claim to have been evicted from the possession ; but for years he has rested quietly, having reaped the benefit of his purchase, and withheld payment of the purchase money. I do not think he comes with grace in an attempted defence against a suit for the purchase money. In my view, so far as the plaintiff is concerned, the contract, on his part, was fully executed, without further assurance, or other deed ; and that, as to the defendant, it was executory, and when he failed to pay the money in the time agreed by him, the plaintiff had a right to institute suit against him as a non-resident, by way of a foreign attachment in chancery, and that it is too late for him to set up an implied warranty.

The vendee having, with his eyes open, entered into the written agreement, without demanding and having

an express warranty therein, it seems to me, that having omitted it in an instrument deemed by him of such solemnity as to require the seals of the contracting parties, it was clearly the intention and understanding of the parties that there should be no warranty.

But since the statute treats the conveyances of leases in lands for a term of more than five years with the same dignity as freehold estate, by requiring them to be by deed or will, it seems to me the rule in regard to warranty in the sale or conveyance of a leasehold for a term of years, should be the same as that governing the sale of real estate. Judge Carr, in delivering the opinion in *Commonwealth v. McClanachan's Exors.* 4 *Rand.* 482, said, "In every transaction of purchase and sale, it is the contract of the parties; and no tribunal can change, alter or modify it in any manner. To do so, would be to make contracts for men. When a man buys land, he has, or may and ought to have, all the deeds, the whole chain of title, before him. This title it is his duty to look into, and to take such convenants and warranty in his deed, as will protect him; and where there is no fraud or concealment, he can only look to the convenants and warranty, in case of eviction, and will have no claim, either at law or in equity, farther than they give it to him. If he has bought with covenants against the acts of the vendor and his heirs only, and he is evicted by title paramount, he has no claim against the vendor. If he has bought without any covenant at all, he has no claim against anybody. It is his folly to have made such a contract; and the law will not give *him* an action, who has not provided one for himself. The books teem with cases in support of these positions:" Citing a number of authorities, he says, "many more cases might be cited ; but, perhaps, too much has already been said on a subject so long and so well settled." From that case, I understand the rule to be, that, "the vendor of real estate is not responsible for any defects of title, unless he has bound himself by some covenant or warranty to protect

the vendee, or unless he has been guilty of some fraud or concealment."

If, therefore, I am right in the view, that a leasehold for a term of more than five years, should follow the same rule, then the defendant in this case, is bound by his contract, and there being no express warranty therein, he is not entitled to ask the court to make a contract for him, against the plain intention of his agreement. He cannot set up an implied warranty by extrinsic evidence, or legal presumption. He bought the right, title and interest, and *caveat emptor* applies. In the language of Judge Carr, in the case cited, "He probably weighed the chances, and was willing to incur the risk, for the prospect of the gain. The hazard was a fair one; and if the result has disappointed his hope, he has no right to complain."

The defendant does not offer to surrender the property he received, nor the interests assigned him; and having failed to prove the matters affirmed by him in his defence, I think this Court should not interfere with the decree complained of, but should affirm it with costs and $30 damages.

The other Judges concurred.

DECREE AFFIRMED.