RICHARD VAN WYCK, Respondent, *v.* RICHARD H. ALLEN et al., Appellants.

Where a vendor of goods represents them at the time of sale to be an article known in the market by a particular name, and the vendee purchases, relying upon the statements, without having an opportunity to examine, or where an examination would not enable him to discover whether the goods agreed with the representation, a warranty is implied that the goods are of the kind, character and description represented.

So, also, where a vendee desires an article for a certain purpose, and the vendor furnishes an article knowing that the vendee relies upon his complying with such desire, the law implies that the article is delivered with a warranty that it accords with the desire.

Defendants sold to plaintiff certain seed, which they warranted to be "Van Wycklin's Early Flat Dutch cabbage seed;" the seed sold resembled that kind of seed, but was not, and upon being planted proved totally unproductive. In an action to recover damages, the correctness of the rule of damages as laid down at circuit in *Passinger* v. *Thorburn* (34 N. Y., 634), was conceded by defendant, to wit: the value of a crop of cabbages of the kind represented, less the expense of raising and the value of the crop raised. The trial court here refused to deduct the cost of producing the crop. *Held*, no error; that assuming the rule in said case to be so far correct (and it could not be questioned here) as not unjust to defendant, the decision of that case upon appeal did not determine that the deduction of the cost of tillage was proper, as that question was not before the court, plaintiff not having appealed; and that defendant was not entitled to such deduction.

*Passinger* v. *Thorburn* (34 N. Y., 634), distinguished.

(Argued February 14, 1877; decided March 20, 1877.

APPEAL from judgment of the General Term of the court of Common Pleas in and for the city and county of New York affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for an alleged breach of warranty made by defendants who were seedsmen in the city of New York, on sale to plaintiff who was a market gardener, of a quantity of cabbage seed.

Plaintiff's evidence tended to show that in the negotiation leading to the sale, defendants' agent represented that they were only selling " Van Wycklin's flat Dutch, raised at New Lots, Long Island." This seed was well known in the market and had a good reputation. There were three varieties of flat Dutch—early, late and medium. The value of the seed was owing to the peculiarity of the place where it was grown, it being isolated so that the seed would not be intermixed with others, a result which follows if it is raised near certain other plants. The quality of the seed was well known to plaintiff; the name being sometimes called Van Zicklen, and so known to plaintiff. Plaintiff sent written orders for

" Van Zicklen's early flat Dutch cabbage seed." Defendants' agent knew for what purpose plaintiff wanted the seed. The seed was sent in bags, marked " Long Island City flat Dutch Van W. cabbage," and " Van Wycklen's early flat Dutch."

The seed sent was not raised by Van Wycklin, but by one Potter. Plaintiff sowed the seed, transplanted the plants and cultivated them, but they did not head, and the crop was valueless.

Further facts, and the rulings of the court on trial, which were excepted to, are set forth sufficiently in the opinion.

*D. B. Eaton,* for the appellants. The representations made by defendants were not a warranty. (*Carley* v. *Wilkins,* 6 Barb., 557, 558 ; *Sweet* v. *Colgate,* 20 J. R., 196 ; *Moses* v. *Mead,* 1 Den., 378.) To make a vendor liable for selling one article for another, fraud or warranty must be proved. (*Welsh* v. *Carter,* 1 Wend., 186 ; 1 Den., 378 ; *Waring* v. *Mason,* 18 id., 425.) There is no implied warranty that the interior corresponds to the exterior of a package where the purchaser may examine. (*Salisbury* v. *Stainer,* 19 Wend., 158.) In a case of mutual mistake, the vender suffers the loss. (*Rudderow* v. *Huntington,* 3 Sand., L. R., 252.) When the vendee may learn the quality, and does not promptly object to it, he is concluded. (*Dutchess Iron Co.* v. *Harding,* 49 N. Y., 321.) Though if there has been a warranty, a recovery may be had whenever the breach is discovered. (*Parks* v. *Morris Axe Co.,* 54 N. Y., 586.) This case is not within the exceptions to the doctrine of *caveat emptor.* (*Reed* v. *Randall,* 29 N. Y., 358 ; *Day* v. *Pool,* 52 id., 416 ; 54 id., 586.) The rule of damages laid down was incorrect. (*Messmore* v. *N. Y. S. & L. Co.,* 1 Hand, 422 ; *Passenger* v. *Thorburn,* 34 N. Y., 634 ; *Milburn* v. *Belloni,* 39 id., 54.)

*N. A. Halbert,* for the respondent. There was a warranty on the sale by the defendants that the seeds were cabbage

seeds and in proper condition and reasonably suited for plant-
ing and the growth of cabbages. (Hil. on Sales, 351, § 11;
id. [3d ed.], 334, 338, 344, 351, § 11, 353; Pars. on Con.,
469, 470; Story on Con. [3d ed.]; § 836; *Foot* v. *Bently,*
44 N. Y., 166; *Blakeman* v. *Mackay,* 1 Hilt., 266; *Chapman*
v. *March,* 19 J. R., 289; *Whitney* v. *Sutton,* 10 Wend.,
412; *Bradford* v. *Manley,* 13 Mass., 145; *Jones* v. *Bright,*
5 Bing., 533; *Aug. R. R. Co.* v. *Jessup,* 44 How. Pr., 447;
Story on Sales, § 371; Chit. on Con. [8th ed.], 391; *Overton*
v. *Phelan,* 2 Head., 445; *Fisk* v. *Taske,* 12 Wis., 276;
*Devine* v. *McCormack,* 50 Barb., 116; Wms. on Personal
Property [4th ed.], 400; *Bigg* v. *Parkinson,* 7 H. & N.,
955; *Windsor* v. *Lombard,* 18 Pick., 60; *Allen* v. *Lake,* 83
E. C. L., 560; *Parks* v. *Morris Axe Co.,* 54 N. Y., 586;
*Hawkins* v. *Pemberton,* 51 id., 198; *Wolcott* v. *Mount,* 36
N. J., 262; 13 Am. R., 438; *Milburn* v. *Belloni,* 39 N. Y.,
53; *Gardner* v. *Gray,* 4 Camp., 144; *Jeaks* v. *Pein,* 2
Marsh., 141; *Day* v. *Pool,* 52 N. Y., 416.) The rule of
damages laid down was the correct one. (Sedgw. on Dam.
[6th ed.], 74, 79; *Randall* v. *Roper,* 96 E. C. L., 82;
*Passenger* v. *Thorburn,* 34 N. Y., 634; *Milburn* v. *Belloni,*
39 id., 53; *Parks* v. *Morris Axe Co.,* 54 id., 586; *Wolcott*
v. *Mount,* 36 N. J., 262; 13 Am. R., 438; *Sneed* v. *Ford,*
102 E. C. L., 612; *Page* v. *Pavey,* 8 C. & P., 769; *Bandale*
v. *Bruxton,* 8 T. R., 535; *White* v. *Miller,* 7 Hun, 428.)

FOLGER, J. This case turns upon the question whether
the defendant so represented to the plaintiff that he had, and
would sell to him, a kind of cabbage seed known as the
early flat Dutch Van Wycklin cabbage seed, as that the
defendant selling and the plaintiff buying, the law will charge
the defendant with a warranty that the seed sold and deliv-
ered were of that kind.

It is substantially conceded that the article sold, though
seed, and in likeness of that kind of cabbage seed, were in
fact totally unproductive of cabbage.

The jury gave their verdict for the plaintiff. There was

sufficient in the testimony to warrant it.  They could say that Gleason, the agent of the defendant, affirmed to the plaintiff that the defendant sold only Van Wycklin's flat Dutch, raised at ·New Lots, on Long Island, and that the plaintiff relied upon that °affirmation and was induced by it to make his purchase; they could say, also, that the plaintiff, in his written order for the seed, designated what he offered to buy as Van Zicklen's (*i. e.*, Van Wycklin's,) flat Dutch, or early flat Dutch; and that the defendant in selling and shipping it to him, designated it in writing as Long Island early flat Dutch Van Wycklin cabbage.  They could also find that the plaintiff had no previous knowledge of the seed, and that inspection of it when it was received would not enable him to ascertain whether it agreed with what he had tried to buy, and that he needs must rely upon the knowledge and experience of the defendant in that respect.

If no error was made upon the trial, the verdict and the judgment entered upon it should stand.

After a careful examination of the case, and consideration of the points made in this court by the appellant, we are of the opinion that the verdict and the judgment should stand.

We have already indicated that there was sufficient in the testimony to warrant a verdict for the plaintiff.  It follows, that it was correct for the court to refuse to direct a verdict for the defendant, and to decline to charge the requests made by him to the same import.

The most important questions to be given to the jury were what was in fact the warranty made by the defendant, and from what facts the law would charge a warranty upon the defendant.

The court, in the first instance, told the jury that the question, of what was in fact the warranty, involved the inquiry whether it was asserted by the defendant that the seed was raised by Van Wycklin on Long Island.  But, further on in the charge, after noticing certain positions taken by counsel, the court said to the jury that it did not regard the question one of any great importance whether this seed was

raised on Long Island or not, and that they must find the warranty made to have been that it was of the Van Wycklin variety, and early flat Dutch cabbage seed; that the material question was whether the seed supplied agreed with the demand which was made; and further, if it was actually good seed which had been raised by him on Long Island, or had been the product of his crop raised elsewhere, and turned out to have been such seed, the plaintiff had no cause of complaint; that the chief consideration was, was it the kind of cabbage seed that was sold to him, or represented to have been sold to him.

It is manifest that the question on this branch of the case, finally and fully left to the jury, was: Did the defendant, in fact, warrant to the plaintiff that the seed sold and delivered to him was seed of the Van Wycklin variety, and of early flat Dutch cabbage.

In instructing the jury what facts they need to find before they would be authorized by the law, to find that the defendant made the warranty, they were told that, if this was sold as a particular article, known in the market by a particular name, the law implies that in such case, the article is of that kind, character and description ; and so, too, if one goes to another and says to him, that he desires an article for a certain purpose, and that other, knowing that the first one relies upon his complying with his desire, furnishes an article, the law implies that that article is delivered with a warranty that it accords with the desire. When the court in the first part of this instruction said, " If this was sold as a particular article, etc., etc.," it meant, and it was understood by the jury to mean, " If this seed was, on this occasion, sold as a particular article, etc., etc." The jury had, as facts, to which to apply this rule, the conversation of the plaintiff with Gleason, the letters of the plaintiff to the defendant, with the specific designation of the seed which he wanted, and the bags from the defendant to the plaintiff, with the specific label upon them. Such facts were enough to bring into play the rule stated by the court. Without other cita-

tions, it is enough to name *Whitney* v. *Sutton*, 10 Wend., 412, and *Hawkins* v. *Pemberton*, 51 N. Y., 198, where many cases are synopsized by EARL, C. The second part of this instruction is sustained by the decision in *Jones* v. *Bright*, 5 Bing., 533. It is to be borne in mind that neither did the plaintiff have opportunity for inspection, nor would inspection have disclosed anything to him.

The plaintiff made some requests to charge which were disposed of by the court, and to which the defendant took exception. If they be taken entirely isolated from the case, as abstract propositions, we would not accede to them. Thus it would not be correct to tell a jury to base a verdict upon the sole fact that the cabbage seeds were not in good condition, and reasonably suited for the planting and growth of cabbage. But it is idle to assume that a jury would understand that all that had passed before them in the trial, and the charge from the court, were to go as naught, and, that upon that fact alone, if found, whether there were warranty or not, the plaintiff must recover. The jury must have understood that these other questions as to warranty and the like being found as directed by the court, then if this other fact was found, the plaintiff ought to recover.

The rule of damages given to the jury was, the fair value of the crop that could have been raised had the seed been as asserted, limited by certain inquiries, which, however, do not enter into the defendant's exceptions. We do not understand from the exceptions taken by the defendant, nor from the points presented by him in this court, that the rule of damages laid down in *Passinger* v. *Thorburn* (34 N. Y., 634), is questioned by him ; so that we are not called upon to consider that case, and to express either concurrence with it or dissent from it. It seems to have been taken at the trial by the defendant as the law of the case, and is so cited here. The trial court was not asked to depart from it. And it is urged here as error that the trial court departed from the rule in that case laid down, in not directing a deduction from the value of the crop, of the cost of producing it; so

that we are to assume for the purposes of this case that the decision in *Passinger* v. *Thorburn* is not erroneous. But it is to be observed of that case that it did not undertake to fix the limits of the rule on all sides. There came to this court therein, for review, a rule of damages laid down at circuit, to wit : that the plaintiff was entitled to recover the value of a crop which could have been raised from good seed, less the cost of producing the crop, and the value of what was in fact raised. To this holding at circuit the defendant excepted, but the plaintiff did not; so that there was raised in this court only the question whether the rule was unjust to the defendant; not any question whether the plaintiff could have found fault with its limits. The appellate court could not review it, save to say that it was or was not too large. Whether it might not have been larger, was not before the court, so that case is not an authority against the holding now before us. It is a decision which we may not in this case question, that where seed are sold as, or warranted to be, those of a certain vegetable, and to produce that vegetable, then the vendee, the warranty failing, may recover the value of the reasonably anticipated crop, less the cost of tillage, and the value of what was in fact raised. But, if he may recover the value of the crop which should be, why, when naught is, the product, should the vendee be held, to credit the vendor with the lost labor and expenses ? That, he has expended, in this case, and should be remunerated, if he is to have full compensation. He would have been repaid it out of the profits of the crop, had a crop been raised. He will repay it now out of the damages, which stand in place of the profits of the crop, if his judgment for them remains unimpaired. If he, having paid it out in futile tillage, is not to have recompense for it, he has lost it once. And if now, he is to deduct it from the value of the crop, which that tillage should have produced, he loses it twice. The crop, if raised, would have represented to him all that went into it, of time, labor, money, use of land, and materials. The avails of the crop would have gone to reimburse each of

those. He gets, in his damages, what the avails of the crop would have been, and those damages should go to reimburse each of those items. But, if from the damages, he deducts them, or either of them, there are no damages to reimburse them, and he loses them entirely. If there had been any part of a crop raised, the value of that, clearly, should have been deducted.

Treating *Passinger* v. *Thorburn, supra,* as the law of this case, as far as it goes, we are brought to the conclusion that there was no error in the holding of the trial court upon the question of the damages. *Milburn* v. *Belloni,* 39 N. Y., 54, does not conflict with this conclusion.

We have examined the other points made by the appellant, but without speaking of them in detail, it suffices to say that none of them is demonstrative of error in the courts below.

The judgment should be affirmed.

All concur.

Judgment affirmed.