HEARD NOVEMBER TERM, 1878.

CASE No. 697.

M. H. BRYCE v. W. F. PARKER.

1. A tort arising out of contract may be waived, and the same cause of action treated as a contract, and set up as such, under the second subdivision of Section 173 of the code of procedure, by way of counter claim to an action arising on another contract.
2. Assurances made by the owner at the time of sale, that a chattel had not been subjected to certain conditions which rendered it peculiarly liable to disease, and without which assurances it would not have been bought, constitute a warranty.
3. Unascertained damages arising *ex contractu* are admissible as a counter claim.

Before MACKEY, J., at Oconee, March Term, 1878.

The trial was brought in a trial justice's court, and a verdict having been rendered for plaintiff, defendant appealed to the Circuit Court. By consent, it was then referred to a special referee, who reported in favor of plaintiff, and disallowed defend-

Y

ant's counter claim, although reporting, as a conclusion of fact, that "defendant was damaged by the misrepresentations of the plaintiff in the sum of twenty-five dollars." Both parties excepted. The presiding judge overruled all of the exceptions and gave judgment for the plaintiff. Defendant appealed, upon the ground that he was "entitled to set up his counter claim for damages sustained by reason of the breach of plaintiff's warranty," and that it should have been allowed.

The facts are sufficiently stated in the opinion of the court.

*Mr. S. P. Dendy* and *Mr. J. J. Norton*, for appellant.

*Keith & Verner*, for respondents.

March 5th, 1879. The opinion of the court was delivered by McIVER, A. J. In this case the plaintiff brought his action upon an account, to which the defendant pleaded a counter claim, based upon the allegation that he had paid to plaintiff $25 for an ox, which the plaintiff warranted as fit for the purpose for which it was bought, which warranty was alleged to have been broken. For this breach of warranty. the defendant claimed damages as a counter claim, and the only question raised here is whether the defendant could set up such a counter claim to the plaintiff's action. There is no pretence that the cause of action upon which the counter claim was based arose "out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim," nor is there any pretence that it was connected with the subject of the action.

If, therefore, it is sustainable at all, it must be under the second subdivision of Section 173 of the code of procedure, as being a cause of action arising on contract. It seems that there was evidence tending to show that the defendant had bought the ox in the summer of 1873, from the plaintiff, upon his representation that the ox had not been brought from the mountains that season, and that but for such representation he would not have bought; whereas, in fact, as the referee found, the ox "had been brought from the mountains during the summer of 1873, and, by reason of having been so brought, it died of distemper

in the early fall of that year, and was of no value to defendant," and he therefore found " that the defendant was damaged by the misrepresentations of the plaintiff in regard to the above-mentioned ox in the sum of \$25." The counter claim was, however, disallowed—exactly upon what ground does not appear in the case as submitted ; but from the argument we infer it was upon the ground that the defendant's claim for damages was not based upon a cause of action arising on a contract, but that defendant's only cause of action was for the deceit in making false representations in regard to the ox, which is a tort. It seems to us, however, that there is no just ground for saying that the defendant's claim for damages was not based upon a contract, or was not a cause of action arising on a contract. It may be that if the defendant had brought his action against the plaintiff in the nature of an action on the case for deceit, that he would have had a good cause of action for such deceit. But while deceit is a tort, it is one arising out of a contract, and a party may, as in this case, waive the tort and sue upon the contract. This was conceded in *Schweizer* v. *Weiber,* 6 *Rich.* 159, and, as is said in 1 *Chitty on Plead.* \*139, " formerly case was the usual remedy for a false warranty or other misrepresentation on the sale of goods, but of late it is more usual to declare in *assumpsit.*" See also *Stuart* v. *Williams, Doug.* 19. It does seem that this was at one time doubted in this state, inasmuch as Nott, J., in *Read* v. *Duncan,* 2 *McC.* 167, declined to express any opinion upon the point. But, as Frost, J., says, in *Wood* v. *Ashe,* 3 *Strob.* 72, *Brevard's Reports* had not been published at the time the case of *Read* v. *Duncan* was decided, and therefore the case of *Houston* v. *Gilbert,* 3 *Brev.* 63, probably escaped attention. For in that case, which was an action of *assumpsit* to recover the price paid for a slave, on the ground that the plaintiff had been deceived by the representations made by the defendant while negotiating the contract of sale, it was held that it was settled law that in an action of *assumpsit* the plaintiff may recover on an express and also on an implied warranty where there has been fraud in the contract, and the proposition that to authorize a recovery on the ground of fraud or deception it would be necessary to bring an action of trespass on the case, declaring specially

in tort, and that an action of *assumpsit* in such case could not be maintained, was expressly repudiated. See also the case of *Fowler* v. *Williams*, 2 *Brev.* 306. What is said in *Lightner* ads. *Martin*, 2 *McC.*, at page 216, apparently in contradiction of this view, was clearly a mere *dictum*, as no such question arose in that case. In *Pomeroy on Rem.*, *p.* 820, § 801, it is said: "It may be regarded as a doctrine established by the overwhelming weight of authority that, whenever by the principles of law, independent of the new procedure, a cause of action may be treated as arising either from tort or on contract, and the party holding the right may elect between the two kinds of remedial proceeding, and does in fact elect to one on contract, the demand thus determined to be upon contract may be counter claimed against a plaintiff's cause of action arising on another contract."

In this case, as we have seen, the defendant might, upon "the principles of law independent of the new procedure," treat the cause of action upon which his counter claim is based either as a tort, by bringing an action on it, in the nature of an action on the case for a deceit, or he might waive the tort and sue upon the contract; and it is very obvious, from the form in which the counter claim is pleaded, that he has done the latter, and has elected to sue for the breach of warranty. Hence, according to the proposition laid down by *Pomeroy*, which he says is established by the overwhelming weight of authority, the defendant was legally entitled to set up the counter claim pleaded by him in this case.

It is argued, however, that there was no warranty, nothing but a mere representation, and, therefore, the defendant's counter claim could not be said to be a cause of action arising on a contract. In 1 *Pars. on Cont.* *580, it is said "any distinct assertion or affirmation of quality made by the owner during a negotiation for the sale of a chattel, which it may be supposed was intended to cause the sale, and was operative in causing it, will be regarded either as implying or constituting a warranty." And again: "It is certain that the word warrant need not be used, nor any other of precisely the same meaning. It is enough if the words actually used import an undertaking on the part of the owner that the chattel is what it is represented to be, or

an equivalent to such undertaking." In this case it is impossible to escape the conclusions that in the course of the negotiation the defendant was assured by the plaintiff that the ox had not been brought from the mountains, and was, therefore, not liable to disease, to which, it would seem, mountain cattle were peculiarly liable when first brought to the level country, and that upon this assurance the defendant bought, and without it he would not have bought. This certainly brings the case within the rule stated by *Parsons, supra.* This rule is fully sustained by the case of *Hawkins* v. *Pemberton,* 51 *N. Y.* 198 ; 10 *Amer. R.* 595, in which the authorities are collected and reviewed, and by the recent case of *Van Wick* v. *Allen,* 69 *N. Y.* 61 ; 25 *Amer. R.* 136. We are, therefore, of opinion that it was error to exclude the counter claim upon the ground that the cause of action upon which it was based did not arise out of contract.

It was also insisted that the counter claim could not be admitted, because it was based upon a claim for "unascertained damages," and this view would seem to be sustained by certain language used in *Gibbs* v. *Mitchell,* 2 *Bay* 351. But that case has, in this respect, been modified by the recent case of *Haynes* v. *Prothro,* 10 *Rich.* 318, in which it was expressly held that unascertained damages arising *ex contractu* are admissible as a set-off, and it is there said that so much of the case of *Gibbs* v. *Mitchell* as announced a contrary doctrine was a mere *dictum,* and was of no authority. So that even prior to the adoption of the code of procedure this objection could scarcely be sustained. Since the code, however, we do not see how there can be a question upon the subject, for if the counter claim is based upon a cause of action arising on a contract, by the express terms of that statute it may be pleaded to an action on a contract, whether the damages be liquidated or unliquidated, ascertained or unascertained. Accordingly in *Pomeroy on Rem.,* § 798, *p.* 817, it is said : "It may be stated as the universal rule that, in an action on contract to recover debt or unliquidated damages, the defendant may counter claim debt or damages arising on another contract, whether such damages are unliquidated or ascertained."

The judgment of the Circuit Court is set aside and a new trial ordered.                                              New trial granted.

WILLARD, C. J., and HASKELL, A. J., concurred.