(162 App. Div. 335)

COLEMAN v. SIMPSON HENDEE & CO.

(Supreme Court, Appellate Division, Second Department. May 15, 1914.)

1. SALES (§ 261*)—"EXPRESS WARRANTY"—ASSERTION OF FACT.

The test whether an affirmation may be held as an express warranty is whether the seller assumed to assert a fact of which the buyer is ignorant, or merely stated an opinion or judgment on a matter of which the seller has no special knowledge, and on which the buyer may be expected also to have an opinion and to exercise his judgment; the former being a warranty, the latter not.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 727–735; Dec. Dig. § 261.*]

2. SALES (§ 441*)—REMEDIES OF BUYER—BREACH OF WARRANTY—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for the breach of a warranty in the sale of seed oats, evidence of the plaintiff *held* sufficient to establish prima facie that there was an express warranty as to the quality of the oats.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

Appeal from Trial Term, Dutchess County.

Action by John D. Coleman against Simpson Hendee & Co. Judgment for the defendant, and plaintiff appeals. Reversed, and new trial granted.

See, also, 158 App. Div. 461, 143 N. Y. Supp. 587.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before JENKS, P. J., and BURR, CARR, RICH, and STAPLETON, JJ.

Morschauser & Mack, of Poughkeepsie, for appellant.
Schuyler C. Carlton, of New York City, for respondent.

JENKS, P. J. This action is brought by a feed merchant to recover damages for a breach of warranty in the sale of a car load of oats. The alleged contract was oral.

[1] The rule whether an affirmation may be held as an express warranty is stated admirably in Benjamin on Sales (7th Ed.) p. 612, as follows:

"And in determining whether it was so intended, a decisive test is whether the vendor assumes to assert a *fact* of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the vendor has no special knowledge, and on which the buyer may be expected also to have an opinion, and to exercise his judgment. In the former case there is a warranty, in the latter not."

[2] At the close of plaintiff's case, there was proof that the plaintiff requested defendant's selling agent to furnish "Northern grown seed oats," saying that he desired something nice and would pay a premium over and above the price for seed oats, and that the agent answered that they had them; that he would see to it that the plaintiff would receive a nice car load, and that the plaintiff further said that he wished to obtain the oats for seed, to sell them to his farmers and customers; that the plaintiff complained of certain defects in a consignment of oats in the year before, and reiterated that he must have something nice, for his "farmers were cranks on seed oats, and must have some." Evidence was also adduced that on the next day the agent came to the plaintiff to give confirmation that the oats were tested seed oats, and that a paper received from the agent's principals in confirmation contained the words "one car of tested seed oats." Two witnesses, called as experts, testified that the words "seed oats" meant in the trade "any selected natural oats," "nothing taken from nor added to," natural oats just as grown, and that "a sulphured oat" (plaintiff's contention was that the oats sent to him were "sulphured") would not be regarded in the trade as a "seed oat." I think that there was prima facie proof of an express warranty, and hence that the plaintiff should not have been nonsuited. Van Wyck v. Allen, 6 Daly, 376, affirmed 69 N. Y. 61, 25 Am. Rep. 136; White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Prentice v. Fargo, 53 App. Div. 608, 65 N. Y. Supp. 1114; affirmed 173 N. Y. 593, 65 N. E. 1121; Landreth v. Wyckoff, 67 App. Div. 146, 73 N. Y. Supp. 388; Wolcott v. Mount, 38 N. J. Law, 496, 20 Am. Rep. 425.

The judgment is reversed and a new trial is granted, costs to abide the event. All concur.

CARR, J. (concurring). On the former trial of this action, the question of an implied warranty was submitted to the jury, and that of an express warranty was withdrawn from them by the trial court. It

was held on appeal that the proofs did not justify the finding of an implied warranty, and the judgment was reversed. 158 App. Div. 461, 143 N. Y. Supp. 587. On that trial the only evidence as to the trade meaning of the words "seed oats" was given by the defense, and remained uncontradicted. We were of opinion that under the proofs so given, the oats delivered by the defendant answered to the description of "seed oats." On the new trial, however, the plaintiff has given some evidence that "sulphured oats" would not correspond to the trade description of "seed oats." This fact distinguishes the present appeal from that before us formerly. I will not contend with my Brother JENKS whether this circumstance results in a breach of an express warranty, for in any event it tends to show a breach of at least an implied warranty of correspondence between the thing bought by description and the thing delivered (see cases cited in former opinion). I concur for reversal and a new trial.

BURR, J., concurs.

