McQuaid vs. Ross and another.

See note to this case in 21 L. R. A. 161.— REP.

McQUAID, Appellant, vs. Ross and another, Respondents.

*May 23 — June 21, 1893.*

*Sale of bull for breeding purposes: Implied warranty.*

Where, upon the sale of a bull, both parties are alike destitute of knowledge or the means of forming an intelligent judgment as to his ability to generate his kind, and there is no misrepresentation or fraud and no express warranty, no warranty can be implied in that respect merely because a full price was paid for a bull for breeding purposes and the seller knew that he was being purchased for that purpose.

APPEAL from the Circuit Court for *Columbia* County. This case was before this court on a former appeal (77 Wis. 470), where the claims of the plaintiff are stated. Upon

McQuaid vs. Ross and another.

the new trial awarded the plaintiff sought to maintain that there was an implied warranty, upon the sale by the defendants to the plaintiff of the bull in question, that he was in all respects fit, suitable, and competent to perform the service for which he was purchased, namely, to generate his kind; and the plaintiff produced evidence to show that when he bought the bull he desired him for breeding purposes; that the defendants were breeders of short horn Durham cattle, and knew the purpose for which the plaintiff desired and bought the animal; that he paid the full price of such an animal for breeding purposes, $125, and examined him at the time of the purchase; that, except for such purposes, the animal would not be worth to exceed $30. The plaintiff ascertained afterwards and in course of time that the bull was incompetent, impotent, and unable to generate his kind, and was useless for the purposes for which he was purchased, and he returned the bull to the defendants at their farm for this reason; but there was no proof tending to show that they accepted him. Evidence was given to show the plaintiff's damages. The circuit court held that there was no implied warranty of the procreative powers of the bull, and granted a judgment of nonsuit against the plaintiff, from which he appealed.

For the appellant there was a brief by *W. J. Hooper* and *Spensley & McIlhon*, and oral argument by *Calvert Spensley*. They cited Story, Sales, secs. 359–365, 374; 10 Am. & Eng. Ency. of Law, 91, 95; Benj. Sales (ed. 1888), 623, Bennett's note; *Jones v. Just*, L. R. 3 Q. B. 202; *Jones v. Bright*, 15 Eng. C. L. 532; *Gray v. Cox*, 4 Barn. & C. 108; *Beals v. Olmstead*, 24 Vt. 114; *Rose v. Beattie*, 2 Nott & M. 538; *Hyatt v. Boyle*, 25 Am. Rep. 276; *Misner v. Granger*, 9 Ill. 69; *Gammell v. Gunby*, 52 Ga. 504; *Wilcox v. Hall*, 53 id. 635; Biddle, Warranties, sec. 167; *Brown v. Edgington*, 2 Man. & G. 279; *Van Wyck v. Allen*, 69 N. Y. 61; *Hoe v. Sanborn*, 21 id. 557; *White v. Miller*, 71 id. 118, 129;

*Murray v. Smith,* 4 Daly, 277; *Fish v. Roseberry,* 22 Ill. 288; *Jones v. George,* 56 Tex. 149; *Getty v. Rountree,* 2 Pin. 379; *Ketchum v. Wells,* 19 Wis. 25; *Merriam v. Field,* 24 · id. 640; *Flick v. Weatherbee,* 20 id. 413; *Wolcott v. Mount,* 36 N. J. Law, 262, 38 id. 496; *Shaw v. Smith,* 45 Kan. 334.

For the respondents there was a brief by *J. M. Smith* and *Orton & Osborn,* and oral argument by *P. A. Orton* and *J. M. Smith.* To the point that there was no implied warranty, they cited *Scott v. Renick,* 1 B. Mon. 63, 35 Am. Dec. 177; *White v. Stelloh,* 74 Wis. 435; *Egan v. Call,* 34 Pa. St. 236, 75 Am. Dec. 653; 2 Benj. Sales, sec. 985, and note 33, p. 863; *Williams v. Slaughter,* 3 Wis. 357; *Bartlett v. Hoppock,* 34 N. Y. 118; *Ryan v. Ulmer,* 108 Pa. St. 332; *S. C.* 137 id. 309; *Jones v. Padgett,* 24 Q. B. Div. 650; *Hood v. Bloch,* 29 W. Va. 244; 10 Am. & Eng. Ency. of Law, 127; *Palmer v. Mt. Sterling Nat. Bank,* (Ky.) 18 S. W. Rep. 234; *Court v. Snyder,* 2 Ind. App. 440; *Goulds v. Brophy,* 42 Minn. 109; *Horner v. Parkhurst,* 71 Md. 110; *Ottawa Bottle Co. v. Gunther,* 31 Fed. Rep. 208.

PINNEY, J.   There is no ground for contending that the plaintiff in purchasing the animal in question either asked the opinion or judgment of the vendors in respect to its procreative capacity, nor is there any reasonable or rational ground for imputing to them any information or knowledge on that subject not possessed by the plaintiff, although they had raised the bull and were stock breeders. The plaintiff saw and inspected the animal before he made the purchase, and it was of the kind he desired to purchase. It is a well-understood principle of the common law in England, and almost universal in this country, that in sales of personal property, in the absence of express warranty, where the buyer has an opportunity to inspect the commodity or thing sold, and the seller is guilty of no fraud and is neither the manufacturer nor grower of the thing

he sells, the maxim *caveat emptor* applies. This is the rule laid down in Benj. Sales, § 644; *Barnard v. Kellogg*, 10 Wall. 388; *Jones v. Just*, L. R. 3 Q. B. 202. In *Eagan v. Call*, 34 Pa. St. 236, it was held that where the buyer has had opportunity of examining the thing sold there is no implied warranty by the seller against latent defects unknown alike to himself and to the purchaser.

The doctrine of implied warranty appears to be founded on an actual or presumed knowledge by the vendor, as manufacturer, grower, or producer, of the qualities and fitness of the thing sold for the purpose for which it was intended or is desired, so far as such knowledge is reasonably attainable. The rule must be held to have a rational foundation, and to be not of a purely arbitrary character. It does not impute to the seller knowledge as to qualities or fitness which no human foresight or skill can attain, and raise an implied warranty in respect to them when the vendor and purchaser are in equal condition as to means of knowledge, or the latter must have understood from the nature of the case that the information, experience, and knowledge of the vendor are not superior to his own. The case we are considering is not one where the buyer can be said necessarily or at all to have trusted to the judgment or skill of the manufacturer, grower, producer, or dealer, instead of his own. *Jones v. Just*, L. R. 3 Q. B. 202. Because the defendants raised the bull they sold to the plaintiff they are not chargeable with any knowledge, or opinion even, in respect to a matter beyond the reasonable scope of human knowledge, namely, whether the bull would prove impotent and to be wholly destitute of the power of procreating his kind; and hence the ground of presumed or reasonably imputed knowledge as a foundation in this case of an implied warranty wholly fails.

In the case of *White v. Miller*, 71 N. Y. 118, 131, it is said in relation to the case of a manufacturer that the rule

of implied warranty "is based on the presumed *superior knowledge* of the vendor," and that, in the case of a producer or grower of seeds, there seems to be the same reason for implying a warranty on a sale of seeds by the grower that they. are not defective from improper cultivation as to imply a warranty of freedom of defects in manufacture on a sale by a manufacturer of the article made by him. "The grower of seeds must be presumed to be cognizant of any omissions or negligence in cultivation, whereby they have been deteriorated or rendered unfit for use;" as, in the case cited, in relation to a sale of cabbage seed which had been crossed with other varieties, and rendered impure by being raised in close proximity with them. In *Van Wyck v. Allen*, 69 N. Y. 61, cited by appellant's counsel, the article sold was represented to be of a particular kind, when it was not, and there was, therefore, an express warranty. In *Flick v. Wetherbee*, 20 Wis. 392, the decision went not upon the ground of implied warranty, but that the defendant covenanted to supply all the seed corn for the year's cultivation, which it was .held required him to furnish *good* seed corn, and there was, besides, evidence of an express warranty. The case of *Scott v. Renick*, 1 B. Mon. 63, in which it was held that the law implies no warranty, in a sale of a Durham cow, that she will prove suitable for breeding purposes, although the price paid for her indicated that it was for that purpose she was bought, is in accord with what was said in *White v. Stelloh*, 74 Wis. 435, 439, on the subject of implied warranty in a similar case. *Barnes v. Burns*, 81 Wis. 235.

If the plaintiff desired to guard against loss from the contingency which occurred, he should have exacted an express warranty as a condition of his purchase. Where, as in this case, both parties were alike destitute of knowledge or the means of forming an intelligent judgment whether the bull would be able or not to generate his kind, and there

was no misrepresentation or fraud and no express warranty, we think no warranty can be implied in that respect merely because a full price was paid for a bull for breeding purposes and the seller knew he was being purchased for that purpose. The plaintiff was rightly nonsuited.

*By the Court.*— The judgment of the circuit court is affirmed.