## CHARLESTON.

JARRETT v. GOODNOW et al.

(DENT, JUDGE, Absent.)

Submitted June 16, 1894.—Decided December 8, 1894.

1. EQUITY—PLEADINGS.

A party entitled to plead in an action at law the defences specified in section 5, c. 126, Code, 1891, need not plead them in the action, but may avail himself of them in equity without any excuse for not using them at law.

2. SALES—WARRANTY.

In sales of personal property by one in possession, there is an implied warranty of good title.

3. SALES—FRAUD.

One selling personal property, knowing he has no title, and concealing that fact from the purchaser, is liable for fraud.

4. INJUNCTION.

Though generally injunction does not lie against a judgment to let in setoffs, yet it will lie where the judgment-creditor is insolvent.

W. R. D. DENT for appellant.

J. H. HOLT for appellees.

BRANNON, PRESIDENT :

Jarrett gave a promissory note to Newlon, which Newlon assigned to Goodnow, and Goodnow obtained a judg-

ment against Jarrett by default before a justice, and Jarrett obtained an injunction to restrain its collection; and the court having overruled a motion to dissolve the injunction and allowed an amended bill to be filed and later perpetuated the injunction, Goodnow appealed. There is not a single citation of authority in the briefs on either side, and we have not the benefit of this help.

One of the grounds, on which the injunction rests, is that the note, on which the judgment was recovered was given for an engine, boiler and burrs, and that the consideration has wholly failed, inasmuch as Newlon had conveyed them to Durbin, trustee, to secure Newlon's creditors. Goodnow's counsel in answer to this contends that this defence ought to have been pleaded at law to defeat the recovery of the judgment, and that it can not be made the subject of equity jurisdiction. This position is not tenable, as section 5, c. 126, Code, would give jurisdiction to equity on the three grounds of failure of consideration, fraud in the procurance of the note, and that of breach of warranty of title to personal property, and section 6 expressly gives the right to make defence at law or omit that and go to equity, as the debtor prefers, without giving any excuse for not defending at law. *Bias* v. *Vickers,* 27 W. Va. 456.

When a sale of chattels is made, there is an implied warranty of good title by the vendor, where the goods are in, vendor's possession. *Byrnside* v. *Burdett,* 15 W. Va. 702; Benj. Sales (6th Ed. by Bennett) § 627, *et seq.,* and note 11, p. 631; full note to *Scott* v. *Hix,* 62 Am. Dec. 460; 2 Kent. Comm. 478. Some old English text-books lay down that there is no implied warranty of title; but Mr. Benjamin says no case was ever so decided there. That old rule repugnant to reason, if it really existed, was long since "wellnigh eaten away," as Lord Campbell well said; and now it is settled in England, that there is such implied warranty, and it is universally admitted in America. But there is no implied warranty of soundness or quality of goods sold. *Mason* v. *Chappell,* 15 Gratt. 572; Benj. Sales, § 644, and note 13, p. 640. In this case the vendor, at the date of sale, had given a deed of trust on the property, and his warran-

ty was broken at once. He was also guilty of fraud in the sale. Benj. Sales, § 628 says, "If the vendor knew he had no title, and concealed that fact from the buyer, he would be liable on the ground of fraud."

A second ground on which the injunction rests is, that Newlon once sold to Jarrett a house and lot with general warranty, and that a lien was found and adjudged to exist against the property, which Jarratt was compelled to pay and did pay long after the judgment, and Jarrett asked that what he paid to remove this lien be set off against the judgment. The amount of this lien was ascertained by decree. Equity will not enjoin a judgment to let in a defence pleadable in the action, where the party has had opportunity to do so, unless prevented by fraud, accident, surprise or some adventitious circumstance beyond the party's control. *Shields* v. *McClung*, 6 W. Va. 79; *Hayner* v. *Price*, 17 W. Va. 523, 548. And as sets-off may be pleaded in defence or made the subject of another action, equity generally will not enjoin a judgment to let them in. But it will do so where the party owing them is insolvent. *Beard* v. *Beard*, 25 W. Va. 486; *McClellan* v. *Kinnaird*, 6 Gratt. 352; *Marshall* v. *Cooper*, 43 Md. 46; *Levy* v. *Steinbach*, *Id.* 212; *Lindsay* v. *Jackson*, 2 Paige 581; 2 High. Inj. § 243. The bill alleged the utter insolvency of Newlon, and the answer does not deny it.

It is assigned as error that the process on the amended bill did not make Goodnow a party to it. It contained no new matter. It only repeats the original bill and made Durbin, trustee, a party, and he not a necessary party. It contained nothing against Goodnow not in the original bill and it was dismissed as to the trustee, thus leaving it out of the case in a legal view, as the decree can be predicated on the original bill alone.

We affirm order and decree.