# CHARLESTON.

## ERIE CITY IRON WORKS *v.* MILLER SUPPLY COMPANY.

Submitted February 23, 1910.   Decided January 24, 1911.

1. SALE—*Warranty of Fitness.*

    Though the vendor of an article knows it is intended for a particular use or purpose, the sale thereof carries no implied warranty of fitness for such purpose, if the purchaser has seen and inspected the article and secured just what he contracted for.

2. EVIDENCE—*Parol Evidence—Written Contract.*

    Oral evidence to prove an express warranty of the fitness of an article, constituting the subject matter of the sale, for a particular purpose, is inadmissible, when the contract, signed by the purchaser's agent, though informal, definitely and specifically describes it and says it is in accordance with the instructions of such agent.

3. SALES—*Complete Written Contract.*

    In such case, a letter from the purchaser, introducing the agent, and saying the article is to be "built according to his instructions", and a letter from the seller, completely and minutely describing the article, setting forth the price, terms and shipping directions, saying an order therefor has been entered in accordance with the agent's instructions, signed by the agent, and confirmed by another letter from the purchaser, constitute a complete contract in writing.

4. APPEAL AND ERROR—*Harmless Error—Directing Verdict.*

    Inadmissible evidence, constituting the sole ground of defense, and erroneously let in over the objection of the defendant, does not preclude a peremptory instruction to find for the plaintiff. Though irregular and technically erroneous, such procedure is unavailing in the appellate court, since it is not prejudicial.

Error to Circuit Court, Cabell County.

68 W. Va.

Action by the Erie City Iron Works against the Miller Supply Company. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Geo. S. Wallace,* for plaintiff in error.

*Holt & Duncan* and *W. K. Cowden,* for defendant in error.

POFFENBARGER, JUDGE.

On this writ of error, the Miller Supply Company complains of a judgment against it for $930.75, the amount of a verdict rendered, by direction of the court, in an action of *assumpsit* in the circuit court of Cabell county.

The action was for the recovery of the purchase price of a steam boiler. The defense is breach of warranty of quality, the defendant claiming a sale of the boiler as one suitable for use in a special manner and for a special purpose, and total failure thereof to answer such purpose and rescission of the contract. The defendant in the action purchased the boiler for re-sale to the firm of Walton & Co., and a representative of that firm went to the factory and office of the plaintiff and selected the boiler in question. The respective theories of the plaintiff and defendant are that this representative, in the selection of the boiler, relied upon his own judgment and secured just what he himself thought was suitable, and that he relied upon the judgment and opinion of the seller as to the sufficiency and suitableness of the boiler for the purposes for which it was intended. On the issue made under a special plea, asserting the warranty and breach thereof, two letters were introduced, one from the defendant to the plaintiff and the other from the plaintiff to the defendant. The first said: "This will introduce to you Mr. Seldonridge, who desires to have a special locomotive boiler built according to his instructions." The other said: "In accordance with your letter of the 24th ult., and Mr. Seldonridge's instructions, we have entered your order for one No. 12 (80 horse-power) 'Economic' Boiler." This letter then described the boiler, set forth the price and terms of sale, the date of shipment and address of the consignees. This was appended to it: "Above in accordance with my instructions. J. J. Seldonridge." On the receipt of this the defendant confirmed the order. A considerable amount

of oral testimony, relating to the negotiations between Seldon-ridge and the manager and salesman of the plaintiff company, concerning the subject matter of the contract, tending to sustain the theory of each of the parties, was introduced.

That the objection to the filing of the special plea was properly overruled is virtually admitted and we perceive no defect in it. As there was no motion to strike it out for want of evidence to sustain it, agreeably to a suggestion, found in the brief, we are not called upon to test the soundness of the suggestion. Whether the peremptory instruction to find for the defendant, based upon the assumption of the inadmissibility of the oral evidence, was proper, depends upon the interpretation of the written evidence and the sufficiency of the oral evidence, if admissible, to sustain a verdict on the theory of a warranty.

As there is no formal contract, and the view that the two letters quoted were intended to embody all of the contract rests upon presumption only, I am inclined to think the oral testimony is admissible, it being well settled that such testimony can be admitted, when the writing bears evidence of incompleteness on its face. *Johnson* v. *Burns,* 39 W. Va. 658; *Rymer* v. *South Penn Oil Co.,* 54 W. Va. 530; *Harvey* v. *Skipwith,* 16 Grat. 410; *Towner* v. *Lucas,* 13 Grat. 705; *Howell* v. *Cowles,* 6 Grat 393; Brown on Stat. Frauds, section 50. A majority of the Court, however, are of the opinion that the letters constitute the contract and leave no room for such evidence. The note appended to the letter of September 6, 1907, by Seldonridge, "Above in accordance with my instructions", is construed as saying, in effect, he had selected the particular boiler, directed the changes to be made in it, ordered it to be shipped and gave no other instructions, thereby making a complete written contract. Under this view of the documentary evidence, the defendant obtained just what it had selected and contracted for, and cannot be permitted, by way of defense, to set up a new or different contract. *Watkins* v. *Angotti,* 65 W. Va. 193; *Wallace* v. *Douglass,* 58 W. Va. 102; *Jarrett* v. *Goodnaw,* 39 W. Va. 602; *Hood* v. *Bloch Bros.,* 29 W. Va. 245; *Mason* v. *Chappell,* 15 Grat. 572. The same authorities forbid an implication of warranty of fitness or quality in the case of such a sale. The defendant, however, relies upon an additional element, namely, knowledge on the part of the seller of the purpose and use for which the boiler was

intended.　There is some authority for the position that this constitutes sufficient ground for an implied warranty, even though there is a complete written contract, but the weight of authority is to the contrary, and the exceptional cases arose under circumstances probably sufficient to establish fraud on the part of the seller.　They are generally cases arising out of contracts for improvements and apparatus, used in connection with real estate, such as heating furnaces and wind mills, bought in reliance upon the judgment, opinion and skill of the vendor, it appearing that he knew, not only the purpose for which the machinery was desired, but also the exact conditions under which it was to be used, and falsely represented its suitableness or efficiency by his words or conduct.　The prevailing rule is that, even though the seller is informed of the purpose for which a specific article, known, defined and described, is ordered and furnished, there is no implied warranty of fitness for the particular purpose.　35 Cyc. 400; *Sugar Co. v. Turney,* 175 Ill. 631; *Glass Works Co. v. Coal Co.,* 65 Md., 547; *Hight v. Bacon,* 126 Mass. 10; *Holt v. Simms,* 94 Minn. 157.

The remaining question is whether this evidence, admitted over objections and being in the case, though improperly, could be disregarded or nullified by the giving of the peremptory instruction.　Of course elimination of it, followed by direction of the verdict, would have been the usual and better practice; but the peremptory instruction produced the same result and cured the erroneous rulings on the objections.　Hence the irregularity was not prejudicial.　If we should reverse, for error in giving the instruction, and remand for a new trial, with directions to reject the oral evidence, the result of the new trial would necessarily be just what we have before us now.

For the reasons stated, the judgment will be affirmed.

*Affirmed.*