## WALRUS MFG. CO. v. McMEHEN.

No. 2765.   Opinion Filed November 18, 1913.

(136 Pac. 772.)

1. **SALES—Warranties—Rights Acquired—Assignment.** A right of action in original purchaser and debtor against original seller, who is the creditor, does not run with chattels purchased in contracting the debt in the first instance to a second purchaser in succession, who assumes payment of the debt upon release of original debtor, in absence of such intent of the parties to such novation and of any assignment of such right by original to substituted debtor.

2. **SAME—Assignment of Warranty to Second Purchaser—Questions for Jury.** Where, in respect to failure of consideration, it cannot be said, as matter of law, that the parties to a novation (by which plaintiff releases N. from liability upon notes in consideration of defendant's assumption to pay the same, the defendant having acquired by purchase from N. the chattel for which N., as original purchaser, executed such notes to plaintiff and having assumed to pay said notes in consideration, as between himself and N. only, of his said acquisition) so intended nor that N. assigned his right to the defendant, it was error for the court to instruct the jury, as matter of law, that defendant was subrogated to all the rights of N. as against plaintiff in respect to the latter's implied warranty, if any, of the quality of the chattel to N.

(Syllabus by Thacker, C.)

*Error from Superior Court, Pittsburg County;*
*P. D. Brewer, Judge.*

Action by the Walrus Manufacturing Company against C. A. McMehen. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Wright & Boyd,* for plaintiff in error.

*Carl Monk,* for defendant in error.

Opinion by THACKER, C.   The position of the parties, in respect to their descriptive titles, remains the same here as in the trial court.   Plaintiff sold the Nix Pharmacy and installed in its place of business at McAlester, Okla., a soda fountain, with articles for use in connection therewith, including a pat-

ented carbonator, for $1,100, of which $200 was paid at the time; the balance of $900 being evidenced by the purchaser's notes secured by his chattel mortgage on all the property. And about two and one-half months later defendant purchased with the consent of plaintiff, if not from it, and installed in his place of business in said McAlester all the said property upon the representation of the Nix Pharmacy that the carbonator, which he saw before purchasing, was a fine and first-class carbonator, guaranteed by plaintiff to do the work any other carbonator would do (these representations being repeated in the presence of a representative of plaintiff in this transaction), at the same time, in substitution for the obligations of certain of the Nix Pharmacy notes and mortgage, by indorsement thereon, assuming to pay the said notes in the sum of $622 and giving his own chattel mortgage on the same property as security therefor; the Nix Pharmacy being thus released on its obligations to plaintiff. But it is not shown how the amount of the original purchase price representing the difference between said $900 and said $622 was eliminated as a liability, nor whether the price at which the defendant purchased exceeded said sum of $622. It appears that defendant paid plaintiff the sum of $418, leaving an unpaid balance evidenced by said note in the aggregate sum of $204; but, in the meantime, the carbonator had failed properly and almost entirely to perform the function for which it was intended, although three times sent to plaintiff for repairs and as often returned to defendant with such repairs as plaintiff deemed proper or could make thereon; and defendant, having offered to return the carbonator and demanded a surrender of his unpaid notes, to which plaintiff would not assent, ultimately discontinued payment of these notes, this action by plaintiff following as a sequence.

The evidence tended to show that, although the carbonator would have been worth $250 if it would properly have performed the function for which it was intended, it was worthless when defendant purchased it and at all times thereafter, it being, in point of mechanism and material, inherently unsuited to perform such function; but there is nothing further to throw light upon

how the carbonator was valued or what portion of the purchase price was apportionable to it in either the original sale to the Nix Pharmacy or the later sale to defendant.  Defendant, waiving any right he might have had to damages in excess of the face value of the seven notes sued on, tendered the carbonator to plaintiff in court at the time of the trial and defeated plaintiff's action upon evidence tending to prove the facts as stated.

The application of the Nix Pharmacy to plaintiff for the purchase of this property, in the first instance, recited that the title should remain in plaintiff pending discharge of deferred payments on the purchase price; but this reservation of title in plaintiff was waived and lost by its acceptance of the Nix Pharmacy notes and chattel mortgage for such deferred payments, the taking of the notes and mortgage being inconsistent with plaintiff's ownership of the property; and it appears inferentially that that portion of defendant's testimony in which he said he purchased the property of plaintiff may have been given upon the erroneous theory that plaintiff held the legal title to the property at the time of his purchase by reason of said order, although the idea that there was a rescission of plaintiff's sale to the Nix Pharmacy and a new sale by it to defendant is not so clearly excluded as to remove all doubt in this regard.  However, it appears that the transaction between the plaintiff, the defendant, and the Nix Pharmacy, to which each was privy, was merely a novation of parties in which the plaintiff released the Nix Pharmacy, and, supported by the consideration thereof, the defendant assumed and became legally bound for the payment of the Nix Pharmacy notes to the plaintiff—no other intent appears. See 29 Cyc. 1136, and *Michigan Stove Co. v. A. H. Walker Co.*, 150 Iowa, 363, 130 N. W. 130, 25 Ann. Cas. 505, and notes thereto at page 508.

The evidence adduced upon the trial does not raise this case above the plane of doubt and uncertainty as to the actual facts and the elemental character of the transaction in which the defendant acquired the property mentioned and assumed the payment of the Nix Pharmacy notes; and several possible theories suggest themselves for consideration in trying to ascertain what

the evidence does show or tend to show in this regard. If the Nix Pharmacy, as owner, sold the property to defendant without assignment to him of its right of action, if any it had, upon plaintiff's original warranty, if any there was, to it, and plaintiff did not warrant the property to defendant, it would seem clear that defendant could not successfully defend against these notes, assumed by him, by a promise to pay supported by the consideration of plaintiff's release of the Nix Pharmacy from its obligation thereon. It appears that such a novation of parties could not operate to cause the Nix Pharmacy's right of action for breach of warranty, if any it had, to run with the property to the defendant, nor to subrogate defendant to any right of the Nix Pharmacy in respect to such warranty as against plaintiff. As, in effect, against the new debtor's right of action or defense upon such warranty, see 29 Cyc. 1137, 1138; 21 Am. & Eng. Enc. L. (2d Ed.) 671; *Keller v. Beaty,* 80 Ga. 815, 6 S. E. 598; *Adams v. Power,* 48 Miss. 450. As to assignment of right of action see, in connection with section 4268, St. Okla. 1890 (section 6740, Rev. Laws 1910), the following: 4 Cyc. 7, 8, and 111, 112; *Gustafson v. Stockton, etc.,* 132 Cal. 619, 64 Pac. 995; *Nelson v. Armour P. Co.,* 76 Ark. 352, 90 S. W. 288, 6 Ann. Cas. 237.

If plaintiff, as owner, sold the property, in part or in whole through the agency of the Nix Pharmacy, to the defendant, the representations of. the .Nix Pharmacy as to the quality of the carbonator, the defects being latent, would be binding upon plaintiff; and it appears that defendant, if he relied upon such representations, would be entitled to set off against the face value of the notes sued on damages for breach of warranty measured by the difference between the value of the carbonator as it· actually was at the time to which the warranty relates and its value as it would have been if it had conformed to the requirements of the warranty (*Wiggins v. Jackson,* 31 Okla. 392, 121 Pac. 662, 43 L. R. A. [N. S.] 153, and *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35); but, if there was any evidence whatever justifying the same, which we deem

it unnecessary to determine, the case was not tried upon that theory, and the judgment cannot be affirmed upon the same for obvious reasons.

This case, in respect to ground of defense, was tried upon the theory of a failure, or partial failure, of the consideration supporting defendant's assumption and promise to pay the notes sued on; but, if it be conceded that the purchase price is severable and this defense allowable in that respect, a want or failure of consideration to which plaintiff was not privy, such as a want or failure of beneficial consideration passing from the Nix Pharmacy, as owner of the property constituting the same, to the defendant, is not available as a defense to defendant as against plaintiff's action on these notes; and plaintiff's release of the Nix Pharmacy from liability, if the obligation was valid, on the notes would appear to be sufficient consideration to support the promise to pay involved in said assumption, which, in view of the Nix Pharmacy's apparent title to the property at the time of the sale to the defendant, is apparently the only consideration to which plaintiff was privy, unless whatever benefit to defendant or detriment to plaintiff may be found in the latter's consent, as mortgagee, to the former's purchase of all the property mentioned from the Nix Pharmacy, may be regarded as a distinct consideration and not included in the release of the Nix Pharmacy from liability, which it is not material to consider.

It seems clear, in the light of the authorities already cited, that the trial court erred in assuming as a matter of law, and in instructing the jury, that defendant was subrogated to all the rights of the Nix Pharmacy and so as to permit a verdict for the defendant upon the ground of a failure or partial failure of the original consideration upon which the Nix Pharmacy notes were given to the plaintiff in its purchase of the property about two and one-half months before the defendant acquired it.

Uncertainty as to the material facts involved in the transaction which might change the legal aspect of defendant's position forbid, in reversing and remanding this case, any extended

discussion of the rule that, in the absence of fraud or express warranty, "the fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had the right to rely, and necessarily relied, on the judgment of the seller, and not upon his own" (*Kellogg Bridge Co. v. Hamilton,* 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86), in order to ascertain if there is an implied warranty (2 Mechem on Sales, 1311-1318; 2 Benjamin on Sales, 862, 863; *Gold Ridge Min. Co. v. Tallmadge,* 44 Or. 34, 74 Pac. 325, 102 Am. St. Rep. 602, and notes at page 607; *McQuaid v. Ross,* 85 Wis. 492, 55 N. W. 705, 39 Am. St. Rep. 864, 22 L. R. A. 187, and notes; and *Leavitt v. Fiberloid Co.,* 196 Mass. 440, 82 N. E. 682, 15 L. R. A. [N. S.] 855, and notes). But, in anticipation of another trial, we suggest that it might be well to observe the distinction in form between a counterclaim or cross-action for damages for breach of warranty (which damages are measured by the difference between the actual value of the article as it is and its value as it would have been if it had been as warranted), available as a set-off without regard to whether the purchase price of the article is severable from the whole purchase price, and want of consideration involving a rescission of the contract and designed to defeat the action to the extent of the purchase price of the article, which is not available unless the purchase price of the article may be ascertained and severed from the whole of the purchase price of all the articles purchased together.

For the reason stated, this case should be reversed and remanded, with instructions to grant plaintiff a new trial.

By the Court: It is so ordered.