## SHERMAN v. SHEFFIELD CAST IRON & FOUNDRY COMPANY.

No. 4534. Opinion Filed July 20, 1915.

(150 Pac. 1062.)

1. **SALES—Action for Price—Damages for Defects.** Where one purchases iron pipe, to be used in the construction of a waterworks system, subject to inspection of a city engineer, and such pipe is received, inspected, and accepted and used in the construction of said plant, and is afterwards shown to be defective in part, and it is not shown that by proper inspection the defects in said pipe could not have been discovered prior to its use, the purchaser cannot recover as damages, in an action brought by the seller for the purchase price of said pipe, for laying, taking up, and replacing such defective pipe.

2. **SAME—Implied Warranty.** Where iron pipe is sold, "subject to inspection," is inspected and accepted, and after being used in the construction of a waterworks system is found in part defective, and it is not shown that by a proper inspection such defects could not have been discovered before said pipe was used, there can be no recovery on the part of the purchaser, upon the ground that, notwithstanding said pipe was inspected and accepted, there was an implied warranty on the part of the seller that said pipe was adapted to the use for which it was bought.

(Syllabus by Collier, C.)

*Error from District Court, Oklahoma County;*

*Geo. W. Clark, Judge.*

Action by the Sheffield Cast Iron & Foundry Company against N. S. Sherman, doing business as N. S. Sherman Machine & Iron Works. Judgment for plaintiff, and defendant brings error. Affirmed.

This is an action, instituted by the defendant in error, hereinafter designated "plaintiff," against the plaintiff in error, hereinafter called "defendant," to recover upon a note and open account in the aggregate of $2,521.79,

for iron pipe furnished by the plaintiff to the defendant under an order which is as follows:

"OFFICE OF N. S. SHERMAN MACHINE & IRON WORKS.

"OKLAHOMA CITY, OKLA., 11—8—09.

"Sheffield Cast Iron Pipe & Foundry Company, Sheffield, Ala.—Gentlemen: Please enter our order for the following pipe:

"6000 feet — 10 inch (from 60 to 63 lbs.) B. & S. pipe;

"950 feet — 8 inch 45 lb.

"8500 feet — 6 inch 33 lb.

"5500 feet — 4 inch 22 lb.

"This pipe to be delivered f. o. b. cars, Ryan, Okla., for $32.40 per ton and to be subject to inspection of engineer of the city of Ryan. We understand in placing this order that the shipments of this pipe will start immediately and there will be no delay in shipping the entire quantity. Payments for aforesaid pipe to be made 90 per cent on payment of monthly estimates and balance ten per cent. on completion and acceptance of work.

"Yours very truly,

"N. S. SHERMAN MACHINE & IRON WORKS,

"By W. S. SHERMAN."

The pipe named in said order was shipped as directed, and received in the city of Ryan, Okla., inspected by the city engineer of said city, and used in the construction of the waterworks system of said city; a part of which, after being laid, was discovered to be defective and removed, and the same replaced by other pipe. The correctness of the note and account is not attacked by the defendant, but defendant insists that it is entitled to a credit of $973.46, on account of damages resulting from defects in the pipe; the said sum being the price of the pipe and the expense incident to the removal

of said defective pipe and replacing the same. The court, in its third instruction, charged the jury as follows:

"The contract under which this pipe was furnished was that it should be inspected by the city engineer at Ryan, and the court instructs you that if it was inspected by him and then used by the defendant, that the defendant is liable for the pipe which passed this inspection, although it may have been defective. Excepted to by defendant; exception allowed.

"GEO. W. CLARK, *Judge.*"

The defendant requested the court separately to give the jury the following instructions, which request was refused:

"(1)  You are instructed, gentlemen of the jury, that where one sells an article for a particular purpose, he thereby warrants it fit for that purpose, and this is not by virtue of any expressed warranty, but by virtue of what the law denominates an implied warranty, and if you find that this contract was a contract for the sale of water pipe and that the said pipe, or any part thereof, was defective, and was not fit for the particular purpose for which it was sold to the defendant, you may award the defendant such sum as damages as you may find it has suffered by reason of such defect.    Refused; excepted to by defendant; exceptions allowed.

"GEO. W. CLARK, *Judge.*

"(2)  You are further instructed, gentlemen of the jury, that if you find that the plaintiff knew the purpose for which the pipe purchased was to be used, and if you further find that the plaintiff undertook to furnish pipe to the defendant to be used for a specified purpose known to the plaintiff, and that said pipe, or any part thereof, was not fit for the purpose for which it was sold, then the defendant would be. entitled to recover from the plaintiff such damages as were suffered by it by reason of any defective pipe, and this would include the cost of digging up defective pipe and relaying pipe to its

place.  Refused; excepted to by the defendant; exceptions allowed.

"GEO. W. CLARK, *Judge.*

"(3)  You are instructed, gentlemen of the jury, that if you find from the evidence that the plaintiff sold the pipe to the defendant for a particular purpose, that is to say, to be used in performing its contract with the city of Ryan in the installation of a waterworks system, and if you further find that the pipe, or any part thereof, was defective, and was not fit for the purpose for which it was purchased by the defendant, and was not reasonably fit for the use to which it was to be put by the defendant, and if you further find that the defects in said pipe were latent and could not be discovered until after the same was laid in the ground and water turned into the pipes, then I charge you that the defendant would be entitled to recover from the plaintiff such sum as damages as the defendant may have suffered by reason of such defects, including the digging up of the defective pipe and the relaying of other pipe.  Refused; excepted to by the defendant; exceptions allowed.

"GEO. W. CLARK, *Judge.*"

The jury returned a verdict for the plaintiff in the sum of $2,456.24, which was afterwards remitted to $2,051.24.  Defendant, within the time prescribed by law, moved the court to grant a new trial, which motion was overruled, to which the defendant duly excepted.  To reverse said judgment, this appeal is prosecuted, based upon the following assignments of error:

"(1)  The court erred in overruling the motion of the defendant for a new trial, to which ruling the defendant duly excepted.  (2)  The court erred in refusing to give the requested instructions of the defendant, numbered 1, 2, and 3.  (3)  The court erred in giving instruction numbered 3 to the jury."

*Wilson & Tomerlin* and *E. E. Buckholts,* for plaintiff in error.

*Giddings & Dortch,* for defendant in error.

Opinion by COLLIER, C. (after stating **the facts as** above). The sole question involved in this appeal is: Was there an implied warranty on the part of the plaintiff that the pipe sold was free from defects, discoverable by proper inspection? If there was such implied warranty against defects, discoverable by proper inspection, there being no dispute that there were defects in the pipe, which were discovered after such pipe had been used in the construction of the water system, the law of the case was not properly submitted to the jury. If, on the other hand, there was not such an implied warranty on the part of the plaintiff that the pipe in question was free from such defects, the court properly charged the law.

The contract of purchase provides "that the pipe to be shipped was to be subject to the inspection of the engineer of the city of Ryan." This court must construe, and not make, contracts; and the purchaser having contracted that the pipe was subject to the inspection of the engineer of the city of Ryan, and said pipe having been inspected and accepted by said engineer, there was no implied warranty as against defects, discoverable by proper inspection, that the pipe was adapted to the use for which it was intended. That the engineer of the city of Ryan by reason of incompetency or carelessness failed to discover the defects in said pipe, and which he might have discovered by proper test, applied when he made the inspection, was the misfortune of the defendant, said inspection being, in effect, the act of said defendant; and any loss that may have resulted by the use

50—5

of said pipe, by way of laying, removing, and replacing said pipe, cannot be visited upon the plaintiff. Especially is this true, in view of the fact that the evidence does not disclose that the defects in said pipe would not have been disclosed by a proper inspection made by a competent person.

" 'The fundamental inquiry must always be whether, under the cricumstances of the particular case, the buyer had the right to rely, and necessarily relied, on the judgment of the seller, and not upon his own' (*Kellogg Bridge Co. v. Hamilton,* 110 U. S. 108, 3 Sup. Ct. 537, 28 L. Ed. 86), in order to ascertain if there is an implied warranty." (*Walrus Mfg. Co. v. McMehen,* 39 Okla. 667, 136 Pac. 772, 51 L. R. A. [N. S.] 1111.)

The inspection, being under said contract by the city engineer, who, in effect, was acting for said defendant, who did not rely upon the judgment of the seller, but upon his own, and, having had the right and means of inspection, he is bound by the contract.

In *Stanford et al. v. National Drill & Mfg. Co.,* 28 Okla. 441, 114 Pac. 734, it is held:

"Certain vendees contracted with the manufacturer in writing to buy and pay for a well-drilling outfit, made by the latter and described in its catalogue, at an agreed price. Before this contract was made, the vendees informed the agent of the vendor that they wanted a drilling machine to bore in a certain designated area in New Mexico for artesion water, and the agent of the manufacturer assured them that the outfit would bore to a certain specified depth in such country. But the written contract was silent upon this subject. The vendees relied upon this assurance of the agent, and made the contract. The machinery was without defect as to quality and construction. Held, that there was no implied warranty that the drill and its machinery would bore in the specified area in New Mexico to a certain depth."

Judge Brewer, in *Brown v. Davidson*, 42 Okla. 598, 142 Pac. 387, approves the holding of the territorial Supreme Court in the case of *Brown v. Beard et al.* 5 Okla. 133, 48 Pac. 180, wherein it is said in the syllabus:

"Where there is no express warranty accompanying a description of personal property, and the buyer, after inspection and full opportunity to examine, accepts the property, he is estopped from afterwards claiming damages for failure to comply with the description."

This rule works no hardship. Upon receipt of the pipe, if, upon inspection, it was found that any part of it did not come up to specifications as contained in the contract of sale, the defendant could have so advised the seller and repudiated the sale. But if, after the inspection of the pipe, as provided by the contract, he accepted and used the same, he cannot legally ask damages upon the ground that there were defects in the pipe.

We think the court in its third instruction properly instructed the jury as to the law of the case. The reason that instruction No. 3, requested by the defendant, was properly refused, was that there is no evidence that the defects in the pipe could not have been discovered by proper inspection, prior to its use in constructing said waterworks.

The foregoing views also make it manifest that there was no error in refusing to give requested instructions Nos. 1 and 2.

This case should be affirmed.

By the Court: It is so ordered.