## SMITH et al. v. CONTINENTAL SUPPLY CO.

No. 16374—Opinion Filed July 20, 1926.

**Sales—No Implied Warranty of Article Specially Ordered by Purchaser and Sold Without Profit.**

Where a seller acts as a dealer merely for accommodation and sells definite articles of known manufacture specially requested by the purchaser, not handled by the dealer in his regular course of business, and where the dealer does not charge a profit, there does not arise any implied warranty that the goods furnished will be fit for the purpose to which the purchaser intends to apply them, though the dealer may know the purpose for which the articles are furnished.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Continental Supply Company against Roger W. Smith, Paul W. Smith, W. R. Law, and the Texas Drilling Syndicate No. 8 to recover a money judgment. Judgment for plaintiff, and defendants appeal. Affirmed.

J. H. Foster and Womack, Brown & Cund, for plaintiffs in error.

Bryan, Williams & Cave and Sitton & Lewis, for defendant in error.

Opinion by FOSTER, C. The defendant in error, Continental Supply Company, was plaintiff, and the plaintiffs in error were defendants in the trial court, and the parties will be designated herein as they appeared in that court. The plaintiff brought its action in the district court of Stephens county to recover the contract price of certain oil well casing which it alleged had been sold and delivered to the defendants at their special instance and request, according to an itemized statement of account attached to its petition.

The defendants in their answer admitted the corporate existence of the plaintiff and admitted that they purchased the materials mentioned in plaintiff's petition on the several dates therein mentioned, but denied liability for the contract price of the major portion of the supplies described and set forth in the petition, more particularly described as 2,358 feet of 5-3/16 special National tube casing, by reason of defects therein rendering the same worthless and wholly unsuitable for the purposes for which the casing was manufactured, which defects were latent defects and not discoverable until said casing was put to use.

Defendants prayed that by reason of said defects they have credit on the plaintiff's account in the sum of $1,951.45, leaving a balance due and owing plaintiff on its account of $25.55, for which they admitted liability.

In its reply the plaintiff reiterated the sale and delivery of said pipe to the defendants under certain circumstances, which it alleged relieved it from liability to the defendants for defects in the pipe, alleging in effect that it was not the distributing agent for the particular kind of pipe delivered to the defendants, but that it furnished said pipe to the defendants by reason of the request of said defendants that it furnish them that particular brand of pipe, and for their accommodation, and that the defendants relied upon the reputation of the manufacturer of that particular brand of casing, and that by reason of the special circumstances of the sale it was not liable upon any implied warranty of fitness to perform the uses and purposes for which it was manufactured.

On these issues the cause was tried to a court and a jury on the 15th day of November, 1924, resulting in the following special verdict:

"We, the jury, duly drawn, impaneled, and sworn in the above entitled cause, do upon our oath return the following answer to the following interrogatories, to wit:

"Interrogatory No. 1. Was the plaintiff in this case acting as the agent of the defendants in the purchase of the casing involved herein, and as an accommodation to the defendants? Answer. Yes.

"Interrogatory No. 2. Did the plaintiff receive any profit for the furnishing of said material? Answer. No.

"Interrogatory No. 3. Was the Continental Supply Company, acting as a principal dealer in the regular course of business in the sale of the pipe in question? Answer. No."

At the conclusion of plaintiff's evidence defendants interposed a demurrer thereto which was overruled and exceptions saved. Motion for a directed verdict at the conclusion of all the evidence was interposed by the defendants, heard, and overruled, and exceptions saved.

Judgment was pronounced in accordance with the verdict of the jury in favor of the plaintiff for the total amount sued for. Defendants also filed their motion for judgment notwithstanding the verdict, and for a new trial, both of which were overruled and exceptions reserved. From this judgment, and from an order overruling their motion for a new trial, the defendants bring the cause regularly on appeal to the court for review.

Defendants discuss their various assignments of error under two propositions or contentions, viz.:

"(1) If the plaintiff proved an agency to purchase such pipe for the defendants and a right to recover for advances made instead of the sale of the goods by plaintiff to defendant, as alleged, then the plaintiff could not recover for the reason that no recovery can be had where the proof fails to establish the allegations of the plaintiff's petition, or establish another cause of action than the one sued upon.

"(2) If the evidence of defendants showed a sale of the goods in question by plaintiff to defendants, then upon the uncontroverted proof of failure of consideration moving from the plaintiff, the court should have directed a verdict in favor of defendants."

Under the first proposition it is contended that the findings of the jury conclusively established that the plaintiff acted merely as agent for the defendants to buy the pipe in question, rather than a sale of the property outright to the defendants, and that plaintiff having alleged, both in its petition and reply, a sale of the pipe direct to the defendants, such findings really amounted to findings against plaintiff, and therefore defendants' motion for judgment notwithstanding the verdict should have been sustained. With this contention we cannot agree.

The thing which the jury was authorized to determine, under the interrogatories propounded, was whether there had been a sale of the pipe under such circumstances as would relieve the plaintiff from liability for damages on account of a breach of an implied warranty of fitness, and not whether the sale had been made under such circumstances as would make the relationship between the plaintiff and the defendants

one of buyer and seller or principal and agent.

In submitting this question to the jury we think the court followed plaintiff's theory as outlined in its pleadings, and in the evidence introduced by it pursuant thereto. The evidence disclosed that the defendants through their representative, Roger W. Smith, called at the office of the plaintiff company and sought to purchase some long coupling casing; that he was informed by the employees of the plaintiff that it had Youngstown casing; that Smith wanted a Cushing special casing, which was not carried in stock by the plaintiff, but was handled by the Oil Well Supply Company; that Smith then went to the yards of the Oil Well Supply Company, saw, and inspected the casing which was purchased for him by the plaintiff; that neither of the employees of the plaintiff who made the deal inspected the casing, but that Smith, representing the defendants, did inspect the pipe and was in a position to know the condition of the same; that the plaintiff endeavored to sell the defendants Youngstown casing, but that defendants would not take it because the plaintiff would not guarantee it, but stated that they wanted Cushing special casing; that the pipe was thereupon delivered by the Oil Well Supply Company, pursuant to an order of the plaintiff company, to the defendants, and afterwards paid for by the plaintiff through its St. Louis office charging the defendants with the amount so paid.

In this situation we can find no basis for the conclusion that the jury found by its special verdict that the plaintiff was entitled to recover for advances made by it as agent for the defendants in the purchase of the casing from the Oil Well Supply Company.

By its answer to interrogatory No. 3, the jury in effect found that the sale had been made to the defendants, not in the regular course of business, but under special circumstances arising out of the fact that it did not carry the special brand of pipe desired by the defendants in its regular stock, and furnished the special brand of casing desired by the defendants to the defendants only at their request and for their accommodation.

It is true that the jury found in answer to interrogatory No. 1, that plaintiff was acting as the agent of the defendants in the purchase of the casing involved, but obviously this agency extended no further than the purchase of the pipe from the Oil Well Supply Company for sale to the defendants.

Having thus secured the pipe and consummated a sale outright to the defendants the agency to purchase would merge into the sale. We fail to perceive anything in the special verdict of the jury inconsistent with the theory of an accommodation sale as outlined in the pleadings filed by the plaintiff, such as would make it mandatory upon the trial court to pronounce judgment in favor of the defendants notwithstanding the verdict, upon the ground that the findings were entirely inconsistent with the theory of plaintiff's case as outlined in its pleadings.

The trial court in pronouncing judgment in favor of the plaintiff upon the special findings of the jury concluded, as a matter of law, that the defendants were not entitled to recover anything as damages on account of the defective condition of the pipe and its unfitness for the purposes for which it was manufactured.

As we view the case the one and only question for determination is whether, as a matter of law, the defendants are entitled to recover anything as damages on account of the alleged defective condition of the pipe under the circumstances disclosed by the uncontroverted evidence in the case, and this brings us to the second proposition urged by the defendants.

Defendants contend that the trial court erred in submitting the case to the jury, and in not sustaining its motion for a directed verdict at the close of all the evidence. In answer to the contention of defendants that the trial court should not have submitted the case to the jury at all, but should have determined for itself, as a matter of law, whether the transaction between plaintiff and defendants was a contract of sale or one of agency, it is sufficient to say that the question submitted to the jury by the court for its determination was not whether the transaction was a contract of sale or a contract of agency, but whether the transaction was or was not an accommodation sale without consideration for the special benefit of the defendants.

The defendants are not in a position to complain that the trial court submitted this question to the jury. The sole question for the trial court to determine was whether, under the undisputed evidence in the case, an implied warranty of fitness or quality arose under the circumstances of the purchase by the defendants of the Cushing special casing.

The evidence discloses that when the defendants attempted to use the pipe in question, it pulled apart at the coupling

while being lowered into the hole, on account of the metal being too soft, and that it warped out of shape and was practically worthless for the ordinary uses and purposes for which it was manufactured.

It appears that the Cushing Special Casing was manufactured specially for use in deep oil wells having a longer collar and more threads on the collar than were cut on ordinary casing in order to support the added weight of the pipe occasioned by casing a deep well.

While plaintiff had not been advised at the time it sold and delivered the pipe to the defendants of the kind of well in which the defendants intended to use the pipe, it is not contended that the plaintiff did not have knowledge of the usual and ordinary work which such casing was made to do. There does not appear to be any dispute that the defects in the pipe could not have been discovered until they were actually put to use in the operation of lowering the pipe into the well. The question for our determination then is whether defendants can maintain an action for damages by reason of an implied warranty in a case where plaintiff acted as a dealer for accommodation, and sold property specifically requested by the purchaser, where the dealer did not charge a profit, though the dealer may have known the purpose for which the articles were intended.

In Walrus Mfg. Co. v. McMehen, 39 Okla. 667, 136 Pac. 772, this court said:

"The fundamental inquiry must always be whether, under the circumstances of the particular case, the buyer had the right to rely, and necessarily relied, on the judgment of the seller, and not upon his own in order to ascertain if there is an implied warranty."

In the instant case the defendants wanted a special brand of pipe. They located this pipe at the Oil Well Supply Company and inspected it. The plaintiff did not see the pipe nor recommend it, and it was not until after the defendants had refused to purchase the sort of pipe which the plaintiffs had in stock that the plaintiff agreed to procure the pipe for them by ordering the Oil Well Supply Company to furnish the pipe to the defendants.

It must be assumed then that the defendants were relying upon their own judgment in the selection of the pipe in question, and not upon the judgment or recommendation of the plaintiff.

In Schaffner v. Nat. Supply Co., 80 W. Va. 111, 92 S. E. 580, it is said:

"* * *Where the buyer discloses to the seller the purpose for which he desires the goods, and suggests that an article of a particular kind is desired by him, and the seller cannot supply the particular article desired, but advises the buyer that he does have an article which is being satisfactorily used by others for similar purposes, and recommends such other article, and the buyer thereupon orders such other article, there will not arise any implied warranty that the goods furnished will be fit for the purpose to which the buyer intends to apply them. The buyer will be taken to have exercised his judgment in the selection of the goods described, and if the seller furnished articles which conform to the description by which they are purchased, he will have met the obligation of his contract."

See, also, Continental Supply Co. v. Stephenson (W. Va.) 118 S. E. 537.

The fact that the seller has knowledge of the purpose and use for which the article is intended in the absence of exceptional circumstances tending to establish fraud will not render him liable upon an implied warranty of fitness.

In Erie City Iron Works v. Miller Supply Co., 68 W. Va. 519, 70 S. E. 125, it is said:

"The prevailing rule is that, even though the seller is informed of the purpose for which a specific article, known, defined, and described, is ordered and furnished, there is no implied warranty of fitness for the particular purpose."

The general rule applicable to the situation presented in the instant case is stated in Reynolds v. General Electric, 73 C. C. A. 23, 141 Fed. 551, thus:

"Where such a purchaser buys of a dealer a definite machine of known manufacture, which has been, or is to be, made by a builder who is not the vendor, and the vendee knows this fact, there is no implied warranty by the dealer, either against latent defects or that the machine or article will be suitable for the purposes for which such articles are commonly used; because the purchaser had the same knowledge and means of knowledge of these subjects as has the dealer."

We conclude, upon a careful examination of the entire record, that the trial court did not err in refusing to direct a verdict for the defendants at the close of all the evidence, and that the judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.